UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TCFI BELL SPE III LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02269-TWP-MJD |
| | ) | |
| BELL AQUACULTURE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Garnishee Defendant. | ) | |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Garnishee Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of Plaintiff TCFI Bell SPE III LLC. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th

Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal alleges that "Plaintiff TCFI is a Delaware Limited Liability Company with its principal place of business in the State of Texas. Upon information and belief, the member of TCFI is Conner Searcy, who is a citizen of the State of Texas who resides in the State of Texas." ([Filing No. 1 at 2](#).) Allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, the Garnishee Defendant is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of Plaintiff TCFI Bell SPE III LLC. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 8/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BELL AQUACULTURE LLC
c/o Bob Davis
9885 West State Road 67
Redkey, IN 47373

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLC
dustin.deneal@faegrebd.com

Mark R. Smith
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
msmith@smithfisher.com