UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BELL AQUACULTURE LLC and )<br>TCFI BELL SPE III, LLC, )<br>)<br>Defendants. )<br>  ———————————————————)<br>)<br>BELL AQUACULTURE, LLC, )<br>)<br>Counter-Plaintiff and )<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>WESTFIELD INSURANCE COMPANY, )<br>)<br>Counter-Defendant )<br>)<br>and )<br>)<br>EARLY, CASSIDY & SCHILLING, INC., )<br>)<br>Third-Party Defendant. ) | CASE NO. 1:16-cv-02269-TWP-MJD |

# CASE MANAGEMENT PLAN

## I. Parties and Representatives

    A.    Plaintiff/Counter-Defendant:  Westfield Insurance Company ("Westfield")

          Defendant/Counter-Plaintiff/Third-Party Plaintiff:  Bell Aquaculture, LLC ("Bell")

          Defendant:  TCFI Bell SPE III, LLC ("TCFI")

          Third-Party Defendant:  Early, Cassidy & Schilling, Inc. ("EC&S")

B.    Counsel for Westfield

Mark R. Smith, 2115-49
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
7209 North Shadeland Avenue
Indianapolis, Indiana  46250
Phone:  (317) 578-1900
E-Mail:  msmith@smithfisher.com

Edward W. Gleason, Ill. Bar 6204438
SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.
621 South Plymouth Court, Suite 100
Chicago, Illinois  60605
Telephone:  (312) 214-1400
E-Mail:  egleason@skgsmlaw.com

C.    Counsel for Bell:

Angela P. Krahulik, 23026-49
Jenny R. Buchheit, 26653-49
ICE MILLER LLP
.                    One American Square, Suite 2900
Indianapolis, Indiana  46282-0200
Telephone:  (317) 236-2100
E-Mail:  Angela.Krahulik@icemiller.com
                 Jenny.Buchheit@icemiller.com

D.    Counsel for TCFI:

Jay Jaffe, 5037-98
Dustin R. DeNeal, 27535-49
FAEGRE BAKER DANIELS LLP
600 East 96th Street, Suite 600
Indianapolis, Indiana  46240
Telephone: (317) 569-9600
E-Mail:  jay.jaffe@faegrebd.com
                 dustin.deneal@faegrebd.com

Kevin M. Toner, 11343-49
FEAGRE BAKER DANIELS LLP
300 North Meridian Street
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
E-Mail:  kevin.toner@faegrebd.com

E.    Counsel for EC&S:  None

Counsel shall promptly file a notice with the Clerk if there is any change in this
information.

## II.      Synopsis of Case

A.      Basis for Subject Matter Jurisdiction: Plaintiff Westfield is an Ohio corporation with principal place of business and nerve center in Westfield Center, Ohio. Defendant/Counter-Plaintiff/Third-Party Plaintiff, Bell, is a Colorado Limited Liability Company with principal place of business and nerve center in the State of Indiana. None of Bell's Members are citizens of the State of Ohio. Defendant, TCFI, is a Delaware Limited Liability Company with principal place of business and nerve center in the State of Texas. No member of TCFI is a citizen of the State of Ohio. EC&S is a Maryland corporation with its principal place of business and nerve center in the State of Maryland. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00). Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a)(1).

B.      Statement/Response of Westfield: On or about July 22, 2015, an ASCO Power Technologies 7000 Series Automatic Transfer Switch suffered an equipment breakdown accident, resulting in a disruption of electrical power to parts of the Row 3 building at Bell's fish farm located at located in Albany, Indiana (the "Equipment Breakdown Accident"). Bell submitted various claims under its insurance policy issued by Westfield (the "Policy"). Westfield issued advance payments under the Policy's Equipment Breakdown Coverage totaling $1,065,772 to Bell. Westfield contends that: (1) it has paid all benefits owing under the Policy's Building Coverage; (2) does not owe any benefits for the death of Bell's fish under the Policy Personal Property Coverage because the same is subject to the "animals" exclusion; (3) has overpaid benefits under the Policy's Business Income/Extra Expense Coverage, for which it is entitled to be reimbursed; (4) Bell violated various terms and conditions of the Policy; and (5) Westfield incorporates by reference all remaining allegations of Westfield's Complaint for Declaratory Judgment and for Damages (*Document 26*). With respect to Bell's Counterclaim, Westfield denies that it breached the Policy, and further denies Bell's allegations of bad faith and punitive damages. Westfield further intends to assert several affirmative defenses in its Answer to Bell's Counterclaim, all of which are incorporated herein by reference.

C.      Response/Statement of Bell: Defendant/Counter-Plaintiff/Third-Party Plaintiff Bell Aquaculture LLC ("Bell"), the largest vertically-integrated, land-based, sustainably-grown fish producer in the world, renewed an insurance policy (the "Policy") issued by Plaintiff/Counter-Defendant Westfield Insurance Company ("Westfield") upon the advice and recommendation of its insurance broker, Third-Party Defendant Early, Cassidy & Schilling, Inc. ("EC&S"). The Policy provides Bell with coverage for certain building, business personal property, and business income losses. EC&S assured Bell that the Policy provided coverage that met Bell's needs, including its need for coverage in the event of an incident resulting in loss or damage to its fish population.  Nevertheless,

when a fire caused by the failure of an automatic transfer switch damaged Bell's property (including its fish), Westfield refused to provide full coverage to Bell.

Bell denies all of Westfield's allegations against it and denies that Westfield is entitled to the relief it seeks. Bell's claim is within the scope of the Policy, Bell has fully complied with all terms and conditions of the Policy, and no exclusion within the Policy unambiguously applies to Bell's claim. Accordingly, Bell is entitled to full coverage from Westfield under the terms of the Policy and Bell was not unjustly enriched when Westfield made a payment towards Bell's claim. Bell is owed significant additional amounts on its claim. By refusing to provide such coverage, Westfield has breached its obligations to Bell. Westfield has also breached its duty of good faith and fair dealing by, among other things, unjustifiably delaying its investigation and decisions, unjustifiably failing to pay policy proceeds, making false and misleading statements, and exercising an unfair advantage over its policyholder, Bell.

Furthermore, Bell is entitled to a judgment against EC&S. Bell purchased the Policy upon the professional advice and recommendation of EC&S. As Bell's insurance broker, EC&S owed Bell a duty to procure insurance in a manner that met the standard of care for commercial insurance brokers. EC&S, holding itself out as an expert with specialized knowledge, assured Bell that the Policy met Bell's insurance needs and requirements. If the Policy does not provide Bell the promised coverage, EC&S breached the standard of care and its duties to Bell by failing to procure adequate insurance and insurance as promised for Bell.

D.      Response of TCFI: Bell owes TCFI no less than $7,715,649.70 pursuant to a judgment (the "Judgment") entered on July 19, 2016 by the Marion Superior Court No. 4 (the "State Court") in a case styled as TCFI Bell SPE III LLC v. Bell Aquaculture LLC, Cause No. 49D04-1604-CC-013622. In an effort to collect on the Judgment, TCFI filed a Verified Motion for Entry of Asset Garnishment Order (the "Garnishment Motion") with the State Court. The Garnishment Motion named Westfield as a garnishee-defendant. The Garnishment Motion did not seek to adjudicate Bell's claims against Westfield. Instead, pursuant to Ind. Code §§ 34-55-8-7(a) and (b), the Garnishment Motion asked the State Court to enter an order (i) requiring Westfield to make any payments that might become owing to Bell directly to TCFI to be applied toward satisfaction of the Judgment, (ii) granting TCFI a continuing attachment lien against those amounts, and (iii) forbidding Bell from transferring or settling its claims against Westfield. Westfield was served with notice of the Garnishment Motion no later than August 10, 2016. As a result, TCFI obtained an equitable lien against any amounts payable or that may become payable by Westfield to Bell. *See Diss v. Agri Bus. Int'l, Inc.*, 670 N.E.2d 97 (Ind. Ct. App. 1996); *see also Lakeshore Bank & Trust Co. v. United Farm Bureau Mut. Ins. Co.*, 474 N.E.2d 1024 (Ind. Ct. App. 1985). TCFI does not seek to litigate the insurance coverage dispute alleged by Westfield's complaint and Bell's counterclaim. TCFI only seeks an order recognizing its continuing lien against any amounts payable or that may become payable by Westfield to Bell, as

authorized and allowed by Fed. R. Civ. P. 69, Indiana Rule of Trial Procedure 69 and Ind. Code §§ 34-55-8-7(a) and (b).

E. <u>Response of EC&S</u>:  None.

F. On or before **September 6, 2017**, and consistent with the certification provision of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III.   <u>Pretrial Pleadings and Disclosures</u>

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 13, 2017**.

B. Plaintiff, Counter-Plaintiff and Third-Party Plaintiff shall file their preliminary witness and exhibit lists on or before **January 27, 2017**.

C. Defendants, Counter-Defendant and Third-Party Defendant shall file their preliminary witness and exhibit lists on or before **February 10, 2017**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 24, 2017**.

E. Defendants and Third-Party Plaintiff shall serve on Plaintiff and Third-Party Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **January 20, 2017**. Plaintiff and Third-Party Defendant shall serve on Defendants and Third-Party Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**.  The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to MJDinsmore@insd.uscourts.gov.

F. Any party with the burden of proof on a claim or defense shall disclose the name, address, and vita of all expert witnesses with regard to such claim or defense, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **November 13, 2017**. All parties responding to such claims or defenses shall disclose the name, address, and vita of all responsive expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **December 18, 2017**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**.  If such expert disclosures are filed the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline

and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **March 2, 2018**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **December 18, 2017**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>.  The parties believe that a substantial volume of ESI will not be produced in this case. The parties have discussed the disclosure of ESI. The parties agree that any ESI shall be produced by the discovery deadlines set forth in this CMP. Should ESI issues arise, the parties agree to the following:

(1)      Unless otherwise agreed by the parties or ordered by the Court, all ESI will be produced to the requesting party as Static Images. When the Static Image is produced, the producing party should maintain a separate file as a Native File and, in that separate file, it should not modify the Native File in a manner that materially changes the file and the Meta-Data. After initial production in Static Images is complete, a party seeking production of Native File ESI should demonstrate particularized need for that production.

(2)      Production of some or all ESI in paper format is agreeable in lieu of production in electronic format.

(3)      The parties should collect and preserve relevant electronic files in Native File formats in a manner that preserves the integrity of the files, including, but not limited to, the contents of the file, the Meta-Data (including System Meta-Data, Substantive Meta- Data, and Embedded Meta-Data) related to the file, and the file's creation date and time. The general process to preserve the data integrity of a file may include one or more of the following procedures:

(a)      duplication of responsive files in the file system (*i.e.* A "dynamic system" which is a system that remains in use during the pendency of the litigation and in which ESI changes on a routine and regular basis, including the automatic deletion or overwriting of such ESI creating a forensic copy, including a bit

6

image copy, of the file system or pertinent portion),

(b) performing a routine copy of the files while preserving Meta-Data (including, but not limited to, creation date and time), and/or

(c) using reasonable measures to prevent a file from being, or indicate that a file has been, modified, either intentionally or unintentionally, since the collection or production date of the files. If any party desires to redact contents of a Native File for privilege, trade secret, or other purposes (including, but not limited to, Meta-Data), then the producing party should indicate that the file has been redacted, and an original, unmodified file should be retained at least during the pendency of the case.

(4) Omitted.

(5) Parties shall preserve ESI during the pendency of the lawsuit, specifically, including the "safe harbor" provision of Fed.R.Civ.P. 37, preservation of Meta-Data, preservation of deleted ESI, back up or archival ESI, ESI contained in dynamic systems, ESI destroyed or overwritten by the routine operation of systems, and, offsite and offline ESI (including ESI stored on home or personal computers).

(a) If counsel are able to agree, the terms of an agreed-upon preservation order may be submitted to the Court;

(b) If counsel are unable to agree, they should attempt to reach agreement on the manner in which each party should submit a narrowly tailored, proposed preservation order to the Court for its consideration.

(6) Omitted.

(7) Except to the extent that a different protocol is established by order of the Court under subpart (6), the parties have agreed to the following clawback procedures.

(a) The term "Unintentionally Produced Document" means a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

(b) Inclusion of any Unintentionally Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

7

(c)     A producing party may demand the return of any Unintentionally Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Unintentionally Produced Document. Within five (5) business days of the demand for the Unintentionally Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Unintentionally Produced Document. In the event that any portion of the Unintentionally Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Unintentionally Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

(d)     Upon receipt of a written demand for return of an Unintentionally Produced Document, the receiving party shall immediately return the Unintentionally Produced Document (and all copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

(e)     Omitted.

(f)     The provisions of the clawback agreement shall be effective as to all individuals and entities who are not a party to this litigation.

(8)     Because identifying information may not be placed on native format ESI as easily as Bates stamping paper documents, methods of identifying pages should proceed as follows: electronically paginating Native File ESI pursuant to a stipulated agreement that the alteration does not affect admissibility; renaming Native Files using bates-type numbering systems, *e.g.,* ABC0001, ABC0002, ABC0003, with some method of referring to unnumbered "pages" within each file; using software that produces "hash marks" or "hash values" for each Native File; placing pagination on Static Images; or any other practicable method. The parties are encouraged to discuss the use of a digital notary for producing Native Files.

## IV.     Discovery[1] and Dispositive Motions

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to  file such a motion must provide a brief statement of the factual and/or  legal basis for such a motion.

   1.   Westfield.  Westfield intends to file a motion for summary judgment. The legal basis for the motion are:

      (a)   Fish are animals, and Bell's claim for the death of its fish is subject to the  Policy's animal exclusion. See, definitions of "animal" and "fish" in Meriam-Webster Dictionary. See also, Ind. Code 15-7-2-3; Ind. Code 15-7-2-3; *Warner v. Jerusalem Twp. Bd. Of Zoning Appeals*, 629 N.E.2d 1137, 1144 (OhioCt.App. 1993) (utilizing the Webster   Dictionary's definition to conclude that "It is clear that a 'fish' is an 'animal'"); *Knox v. Massachusetts Soc. For Prevention of Cruelty to Animals*, 425 N.E.2d 393 (Mass.Ct.App. 1981) (utilizing the definition set forth in Black's Law Dictionary and the American Heritage Dictionary of the English Language to conclude that the term "animal" included goldfish); State v. Price, 71 A. 1015, 1017 (N.J. 1904) (animals include fish and game); *U.S. Crookshanks*, 441 F.Supp. 268, 270 (D.Ore. 1977) (wild  animals  include  fish); *State, Dept. of Environmental Protection v. Jersey Central Power & Light Co.*, 308 A.2d 671, 673 (N.J.Super. 1973) (wild animals include fish); *U.S. v. Kachurin Drug Co.*, 1951 WL 5369 at *3 (C.C.P.A. 1951) (animals include fish);

      (b)   Westfield acted in good faith in connection with its handling, advance payment, and coverage decisions concerning Bell's claims under the Policy. Westfield promptly made $1,065,772 of advance payments to Bell and had a reasoned/rational basis for the same. Westfield also had a reasoned/rational basis for its coverage decisions. Westfield's handling, advance payment and coverage decisions concerning Bell's claims were supported by the Policy language, case law in Indiana and surrounding jurisdictions, and competent expert opinions. *See, Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 520 (Ind. 1993), and its progeny.

      (c)   Westfield anticipates that discovery may result in the identification of additional issues that would be ripe for summary judgment, and reserves the right to include the same in any summary judgment motion.

   2.   Bell. Bell believes this case may be appropriate for summary judgment, as the interpretation of the policy will involve questions of law. The

9

factual basis for such a motion is set forth in Bell's Statement of Claims above.

    3.    <u>TCFI</u>. Absent earlier entry of an agreed order in garnishment, TCFI intends to seek such order by summary judgment because TCFI's right to a garnishment order constitutes a pure question of law.

B.    Dispositive motions are expected and shall be filed by **October 2, 2017**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 28, 2017**; expert witness discovery and discovery related to damages shall be completed by **February 16, 2018**.

    <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

    If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V.    <u>Pre-Trial/Settlement Conferences</u>

The parties have been assigned a telephonic initial pretrial conference before United States Magistrate Judge Mark J. Dinsmore at 10:30 a.m. EST on Tuesday, December 6, 2016. At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties recommend a settlement conference in **July of 2017**.

## VI.    <u>Trial Date</u>

This matter will be ready for trial in or after **July, 2018**.  The trial is by **jury**, and is anticipated to take **seven (7) to ten (10) days**.

## VII.    <u>Referral to Magistrate Judge</u>

A.    <u>Case</u>. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

B.    <u>Motions</u>. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding District Judge.

## VIII.    <u>Required Pre-Trial Preparation</u>

A.    TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1. File a list of witnesses who are expected to be called to testify at trial. The list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

11

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

None.

Dated:  November 30, 2016

SMITH FISHER MAAS HOWARD & LLOYD, P.C.

ICE MILLER LLP


/s/ Mark R. Smith

MARK R. SMITH, 2115-49
7209 North Shadeland Avenue
Indianapolis Indiana  46250
Telephone:  (317) 578-1900
E-mail:  msmith@smithfisher.com

*Counsel for Westfield*

/s/ Angela P. Krahulik

ANGELA P. KRAHULIK, 23026-49
/s/ Jenny R. Buchheit

JENNY R. BUCHHEIT, 26653-49
One American Square, Suite 2900
Indianapolis, Indiana  46282-0200
Telephone:  (317) 236-2100
E-mail:   Angela.Krahulik@icemiller.com
                  Jenny.Buchheit@icemiller.com

*Counsel for Bell*


 SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.

FAEGRE BAKER DANIELS LLP


s/s Edward W. Gleason

EDWARD W. GLEASON, Ill. Bar 6204438
621 South Plymouth Court, Suite 100
Chicago, Illinois  60605
Telephone: (312) 214-1400
E-mail:  egleason@skgsmlaw.com

*Counsel for Westfield*

/s/ Dustin R. DeNeal

DUSTIN R. DeNEAL, 27535-49
600 East 96th Street, Suite 600
Indianapolis, Indiana  46240
Telephone: (317) 569-9600
E-mail:  dustin.deneal@faegrebd.com

*Counsel for TCFI*


13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE |
| | APPROVED AS SUBMITTED |
| X | APPROVIED AS AMENDED |
| | APPROVED AS AMENDED PER SEPARATE ORDER |
| | APPROVIED, BUT ALL OF THE FOREGOING DEADLIENS ARE SHORTENED/LENGTHENED BY _____ MONTHS |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENDED/LENGTHENED BY _____ MONTHS |
| | THIS MATTER IS SET FOR TRIAL BY THE COURT ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____ |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (___  ) __ |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **October  2, 2017**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 28, 2017.** |

14

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  07 DEC 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

15