## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BELL AQUACULTURE, LLC and )<br>TCFI BELL SPE III, LLC, )<br>)<br>Defendants. )<br>_____)<br>)<br>BELL AQUACULTURE, LLC, )<br>)<br>Counter-Plaintiff and )<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>WESTFIELD INSURANCE COMPANY, )<br>)<br>Counter-Defendant, )<br>)<br>and )<br>)<br>EARLY, CASSIDY & SCHILLING, INC., )<br>)<br>Third-Party Defendant. ) | **CASE NO. 1:16-cv-02269-TWP-MJD** |

### WESTFIELD'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### REGARDING APPLICABILITY OF ANIMALS EXCLUSION

**NOW COMES** Plaintiff/Counter-Defendant, Westfield Insurance Company ("Westfield"), by and through counsel, and pursuant to this Court's July 26, 2017 Order Granting Joint Motion for Leave to File Cross-Motions for Partial Summary Judgment *(Docket Entry ("Doc.") #94)* and Federal Rule of Civil Procedure 56, hereby respectfully moves this Honorable Court for entry of partial summary judgment in its favor and against Defendant/Counter-Plaintiff, Bell Aquaculture, LLC

("Bell"), and Defendant, TCFI BELL SPE III, LLC ("TCFI), with regard to the applicability of the animals exclusion. In support of this Motion, Westfield states as follows:

1. In this insurance coverage dispute, Westfield, Bell, and TCFI disagree over the interpretation and applicability of one of the exclusions in the equipment breakdown coverage endorsement attached to the property coverage part of the commercial package insurance policy at issue here to Bell's claim for the death of its fish.

2. Specifically, the commercial package insurance policy that Westfield issued to Bell and is the subject matter of this lawsuit provides, among other coverage, certain first-party property coverage, including "Equipment Breakdown Coverage" which is specifically set forth in an Endorsement that is attached to and forms a part of the "Commercial Property Coverage Part" of the policy ("the EBC Endorsement").

3. This EBC Endorsement provides coverage for qualifying equipment breakdown "accidents" as that term is specifically defined under the EBC Endorsement, but expressly states in the exclusion that is the subject matter of this Motion for Partial Summary Judgment that Westfield "will not pay under this endorsement for any loss or damage to animals" ("the animals exclusion").

4. Bell alleges that on or about July 22, 2015, an automatic transfer switch located at its Albany, Indiana farm suffered a loss, resulting in power loss and suffocation and death of its fish.

5. Bell presented a claim to Westfield for its losses under the policy's EBC Endorsement for, among other things, the death of its fish.

6. Following its investigation, Westfield issued a coverage position letter in which it explained its coverage determinations, including its denial of coverage for Bell's death of fish claim based on the animals exclusion.

7. This lawsuit followed, and recently three of the four parties to this suit (Westfield, Bell, and TCFI) sought and were granted leave to file early motions for partial summary judgment to


address the discrete coverage issue, whether the animals exclusion under the EBC Endorsement applies and bars Bell's death of fish claim. *(Doc. #94.)* This filing is the opening motion for purposes of addressing this discrete issue.[1]

8. Westfield contends the animals exclusion unambiguously and undisputedly applies and bars Bell's claim for the death of its fish. Bell, on the other hand, and as Westfield understands it, TCFI as well, contend the animals exclusion does not apply.

9. As is demonstrated in Westfield's Memorandum of Law in support of this Motion for Partial Summary Judgment and the accompanying Affidavit of Timothy C. Call, including the Exhibits attached thereto, all of which are being contemporaneously filed herewith, there is no liability for Bell's death of fish claim under the policy's EBC Endorsement because as a matter of undisputed fact and law the animals exclusion applies and bars coverage for the claim.

10. Accordingly, Westfield requests that the Court enforce the animals exclusion and declare that it applies and bars Bell's death of fish claim.

**WHEREFORE**, for all of the foregoing reasons, and those set forth in the accompanying Memorandum of Law being contemporaneously filed herewith, Westfield prays that this Honorable Court grant this Motion and enter an Order granting partial summary judgment in favor of Westfield and against Bell and TCFI on the animals exclusion, declaring that the animals exclusion in the policy's EBC Endorsement applies and bars Bell's claim for the death of its fish, and awarding costs and such further relief as the Court deems just and proper.

---

[1] This Motion is without prejudice to any alternative claim(s) Bell may make that the death of its fish is covered under other policy provisions, which claim(s) would be subject to the current general summary judgment deadline set forth in the Court's Order granting the parties' four (4) month extension of the remaining Case Management Plan deadlines, *i.e.,* February 2, 2018. *(Doc. #93.)*

Dated: August 31, 2017　　　　　　　Respectfully submitted,

**SMITH FISHER MAAS HOWARD & LLOYD, P.C.**


/s/ Mark R. Smith
MARK R. SMITH, 2115-49
7209 North Shadeland Avenue
Indianapolis Indiana 46250
Telephone: (317) 578-1900
E-mail: msmith@smithfisher.com

　　　　-and-

**SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.**


/s/ Edward W. Gleason
EDWARD W. GLEASON, Ill. Bar 6204438
621 South Plymouth Court, Suite 100
Chicago, Illinois 60605
Telephone: (312) 214-1400
E-mail: egleason@skgsmlaw.com

*Counsel for Plaintiff and Counter-Defendant, Westfield Insurance Company*

4

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 31, 2017, a copy of the foregoing, **"Westfield's Motion for Partial Summary Judgment Regarding Applicability of Animals Exclusion,"** was filed electronically utilizing the Court's electronic filing system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Angela P. Krahulik
Jenny Buchheit
**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, IN 46282
Angela.Krahulik@icemiller.com
Jenny.Buchheit@icemiller.com
*Counsel for Defendant/Counter-Plaintiff, Bell Aquaculture, LLC*

Dustin R. DeNeal
Kevin Morris Toner
**FAEGRE BAKER DANIELS LLC**
600 E. 96TH Street, Suite 600
Indianapolis, IN 46240
Dustin.Deneal@FaegreBD.com
*Counsel for Defendant, TCFI BELL SPE III, LLC*

Michael E. Brown
**KIGHTLINGER & GRAY, LLP**
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mbrown@k-glaw.com
*Counsel for Third-Party Defendant, Early, Cassidy & Schilling, Inc.*

    /s/ Mark R. Smith
    Mark R. Smith, 2115-49