# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BELL AQUACULTURE, LLC and | ) | |
| TCFI BELL SPE III, LLC, | ) | |
| | ) | **Case No. 1:16-cv-02269-TWP-MJD** |
| Defendants/Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EARLY, CASSIDY & SCHILLING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## PLAINTIFF WESTFIELD'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO DEFENDANT TCFI'S MOTION FOR SUMMARY JUDGMENT ON ITS REQUEST FOR ORDER OF ATTACHMENT

Plaintiff, Westfield Insurance Company ("Westfield"), by and through counsel, hereby respectfully submits the following Memorandum of Law in Response and Opposition to Defendant, TCFI Bell SPE III LLC's ("TCFI") Motion for Summary Judgment on its Request for Order of Attachment, and Memorandum in support *(Doc. #s116 & 117)* ("TCFI's Motion").

## INTRODUCTION

The party to this lawsuit that claims to hold a State Court default judgment (*i.e.,* TCFI) against Bell Aquaculture, LLC ("Bell") in the amount of $7,715,649.70, far in excess of the limits of liability available under the Westfield insurance policy at issue here even if Bell were to be successful in its coverage claims, seeks dismissal from this suit subject to an order of attachment which would grant it a continuing lien, while at the same time place a roadblock on Bell's ability to settle or otherwise resolve the coverage dispute that is at the root of this suit. Specifically, the

proposed order of attachment TCFI seeks would not only grant TCFI a continuing lien against any amounts now or hereafter owed by Westfield to Bell, if any, but also prohibit Bell from settling its claims against Westfield without the written consent of TCFI, enter a final judgment as to TCFI's requests in this case, and dismiss TCFI as a party to this lawsuit. *See, Doc. #116-1*. TCFI's Motion and proposed Order go too far and should be denied. TCFI is an interested and necessary, if not required, party here, it was so named a party by Westfield who has asserted declaratory judgment and unjust enrichment claims impacting TCFI's interest, and it should remain a party to this case so that complete and final relief can be afforded which would bind TCFI to the end result.

Indeed, entry of TCFI's proposed Order which includes a dismissal of TCFI will create more hurdles to concluding this dispute and leave Westfield subject to a substantial risk of having to litigate a second time the very same coverage issues in another separate lawsuit and having to incur double and/or otherwise inconsistent obligations with respect to TCFI's interest. Accordingly, Westfield submits that instead of entering TCFI's proposed Order, the Court should keep TCFI a party to this lawsuit so as to bind it to the ultimate result and outcome in the case, and simply stay further proceedings with regard to TCFI's claimed interest and request for a garnishment order, or what TCFI now calls an "Order of Attachment," until the Court addresses Westfield's and Bell's substantive coverage and unjust enrichment claims.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

Westfield responds to TCFI's "Statement of Material Facts Not in Dispute" as follows:

### A.    Westfield Disputes TCFI's "Material Facts Not in Dispute"

1.    Westfield admits that Bell purchased and Westfield issued commercial insurance policy No. CAG 4 490 989, which was effective during the policy period August 15, 2014 to August 15, 2015, and that paragraph 8 of the Affidavit of Timothy Call (hereinafter the "Call

Affidavit" or "Call Aff.") does confirm this fact. *See, Doc. #100, Page ID #2033.* However, the best evidence of the pertinent terms of the insurance policy at issue here is the policy itself, a copy of which is attached as Exhibit A to the Call Affidavit (hereinafter "the Policy"). *See, Doc. #100, Call Aff., ¶8, and Doc. #100-1 through #100-8, Ex. A.* All references hereinafter to the Policy will be to the copy attached as Exhibit A to the Call Affidavit.

2.      Disputed on the ground that the evidence cited does not support TCFI's Statement of Material Fact (hereinafter "SOF") #2. Paragraph 11 of the Call Affidavit does not state that on July 22, 2015, Bell submitted a claim under the Policy for losses it suffered at its commercial fish farming operations and, thus, neither paragraph 11 of Mr. Call's Affidavit nor TCFI's SOF #2 should or can be used to define and give meaning to the insurance claim that is the subject matter of this lawsuit. In fact, paragraph 11 of the Call Affidavit only states that the independent adjusting firm Crawford & Company contacted Westfield and submitted a "Property Loss Notice" indicating Bell provided a description of the loss it claims occurred on July 22, 2015. *See, Doc. #100, Call Aff., ¶11, Page ID #2034.* It does not state Bell submitted a claim and it does not otherwise describe the components or amounts of the insurance claim Bell eventually submitted for the loss Bell described in the Crawford & Company "Property Loss Notice." The claim that Bell submitted for the loss described in the Crawford & Company "Property Loss Notice" is instead summarized in paragraphs 23 and 24 of the Call Affidavit, and Exhibits Q, R, S, and T consisting of the Proofs of Loss ("POL") attached to and submitted with the Call Affidavit. *See, Doc. #100, Call Aff., ¶s 23-24, Page ID #2037, and Doc. #s100-24 through 100-27, Exs. Q, R, S, and T.* Hereinafter, all references to the "Insurance Claim" will be to Bell's POL referenced in paragraphs 23 and 24 of the Call Affidavit and attached as Exhibits Q, R, S, and T to that Affidavit.

3.     Disputed on the ground that the evidence cited does not support TCFI's SOF #3. TCFI's citation in support of SOF #3 is to mere allegations in a pleading TCFI itself filed in another lawsuit, in another forum. However, a party asserting that a fact cannot be disputed must support the assertion by citing to those parts of the record specified in Federal Rule of Civil Procedure 56(c)(1) (which does not include pleadings), and when a party moving for summary judgment bears the burden of proof on a particular issue, as TCFI does with respect to its Motion here, it may not rest on its pleadings. *See, FRCP 56(c)(1)*; *S.E.C. v. Koester,* 13 F.Supp.3d 928, 931 (S.D.Ind. 2014), *citing, Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007). Furthermore, the fact asserted by TCFI in SOF #3 that it "owns the Judgment" is not what the pleading TCFI cites alleges, which is that TCFI is, or more specifically at the time of the filing of that pleading, was the "rightful holder of the Judgment." *See, Doc. #9-2, ¶2, Page ID #1146.* While Westfield initially answered TCFI's allegation in this regard, its answer was a denial, and since then the parties have been realigned and filed new pleadings which do not plead TCFI "owns the Judgment." As such, the only support for SOF #3 remains a pleading filed by TCFI in another lawsuit, in another forum, and although TCFI may well be the "rightful holder" and, therefore, "owner of the Judgment," its Motion does not properly establish the fact and, for the reasons addressed below, it alone would not support the relief TCFI now seeks.

4.     Disputed on the ground that the evidence cited does not support TCFI's SOF #4. Like TCFI's SOF #3, the only support TCFI offered for SOF #4 is its own pleading allegation filed in another lawsuit, in another forum, which is not sufficient for the reasons stated in Westfield's response to TCFI's SOF #3 set forth above which are specifically incorporated herein.

5.     Admitted, although Westfield notes that in the "Procedural History" section of TCFI's Motion, TCFI states that it filed its Verified Motion for Entry of Asset Garnishment Order

4

(the "Garnishment Motion") in the State Court action on August 14, 2016, suggesting that perhaps the actual date of service of the Garnishment Motion was not August 10, 2016 as Westfield originally indicated in its Removal paperwork filed in this Court, but instead is August 14th.

6.      Disputed to the extent that TCFI is contending that the Insurance Claim, or the proceeds thereof, is/are actually exempt from execution. Again, TCFI cites and improperly relies solely on pleadings to support its assertion of fact in SOF #6. Additionally, the mere fact that the pleadings upon which TCFI relies do not state that the Insurance Claim, or the proceeds thereof, is/are exempt from execution does not mean or establish that in fact the Insurance Claim, or the proceeds thereof, is/are actually exempt from execution. As Westfield understands Indiana law with regard to exemptions from execution, the general rule is that such exemptions must be asserted by the debtor. *Branham v. Varble,* 952 N.E.2d 744, 747 (Ind.Ct.App. 2011), *citing, Mims v. Commercial Credit Corp.,* 261 307 N.E.2d 867 (1974). Hence, whether an exemption exists and was asserted depends on what the debtor, here Bell, did in response to TCFI's State Court lawsuit, and that has not been plead, properly asserted as a fact, or otherwise addressed by TCFI.

## B.      **Additional Material Facts Preclude Summary Judgment in Favor of TCFI**

Westfield asserts the following additional material facts, which are not disputed and preclude the summary judgment award that TCFI seeks.[1]

7.      The Policy Westfield issued to Bell is subject to specifically stated limits of liability that are far less than the amount of the default judgment TCFI claims to hold. The amount of that default judgment is $7,715,649.70, yet the amount of the Policy's limit of liability for "Business Personal Property" loss is $1,700,000, and the Policy's limit of liability for "Business Income"

---

[1] Westfield's paragraph numbering follows on from TCFI's numbering in order to avoid duplication.

loss (including Extra Expense loss) is $3,514,000. *See, Doc. #100, Call Aff., ¶8, Page ID #2033, Doc. #100-1, Ex. A, Page ID #2061.*

8.      Subject to and without waiving any of the Policy terms or conditions or its rights under the Policy, Westfield issued to Bell within ninety days of the underlying automatic transfer switch loss at issue a total of $1,000,000 in advance payments for such things as replacement of the transfer switch and certain portions of Bell's claimed business personal property loss, business income loss and extra expense. True and accurate copies of the advance payments issued to Bell and the "Conditional Payment Receipts and Reservation of Rights" Bell signed and returned are attached to the Call Affidavit as Exhibits L, M, N, O, and P. *See, Doc. #100, Call Aff., ¶22, Page ID #2037, and Doc. #100-19 through #100-23, Exs. L, M, N, O, and P.*

9.      In October 2015 and January 2016, before this lawsuit was commenced, Bell submitted POL in which Bell presented its claim for insurance coverage under the Policy. True and accurate copies of Bell's POL dated October 19, 2015, October 28, 2015 and January 15, 2016 are attached to the Call Affidavit as Exhibits Q, R, and S. *See, Doc. #100, Call Aff., ¶23, Page ID #2037, and Doc. #100-24 through #100-26, Exs. Q, R, and S.*

10.     In March 2017, after the filing of this lawsuit, Bell submitted another POL. A true and accurate copy of Bell's March 1, 2017 POL is attached to the Call Affidavit as Exhibit T. *See, Doc. #100, Call Aff., ¶24, Page ID #2037, and Doc. #100-27, Ex. T.*

11.     Together, Bell's POL described in paragraphs 9-10 and the referenced Exhibits above constitute Bell's Insurance Claim and will hereinafter be referred to as such.

12.     Effective June 22, 2015, and thus prior to the occurrence involving the underlying automatic transfer switch at issue here, the Policy was amended to add First Farmers Bank & Trust

(FFB&T") as a mortgagee and loss payee. *See, Doc. #100, Call Aff., ¶8, Page ID #2033, and Doc. #100-7, Page ID #2447 through 100-8, Page ID #2515.*

13.     Subsequently, on or about On February 12, 2016, FFB&T and TCFI Bell SPE I LLC entered into a Loan Purchase Agreement, pursuant to which TCFI Bell SPE I LLC purchased the loans and all rights under the loan documents, including FFB&T's mortgagee and loss payee rights under the Policy. *See, Affidavit of Mark R. Smith ("Smith Aff."), which is being filed contemporaneously herewith, ¶4, and Exhibit A attached thereto, which is a copy of the Assignment Agreement between FFB&T and TCFI Bell SPE I LLC, p. 1, Recital ¶D.*

14.     At or about the same time, and in consideration of good and valuable consideration, FFB&T unconditionally and irrevocably sold, assigned and transferred to TCFI Bell SPE I LLC all of FFB&T's rights, title, benefits, privileges and interests in, to and under the proceeds from Bell's insurance coverage which includes, but is not limited to, coverage under the Policy, if any, for the Insurance Claim. The specific provisions of this "Assignment Agreement" expressly confirming such an assignment state and provide as follows:

1.     Assignment of the Rights to Proceeds Under Bell's Insurance Policies. Consistent with the terms of the Loan Purchase Agreement, effective as of February 12, 2016, Assignor unconditionally and irrevocably sells, assigns and transfers to Assignee, all of Assignor's rights, title, benefits, privileges and interests in, to and under the proceeds from Bell's insurance coverage which includes, but is not limited to, coverage under the Westfield Policy for the insurance claim that Bell submitted relating to a loss on or about July 21, 2015.

2.     Assignment of the Lender Loss Payable Status. Consistent with the Loan Purchase Agreement, Assignor hereby unconditionally and irrevocably sells, assigns and transfers to Assignee, all of Assignor's rights, title, benefits, privileges and interests in, to and under Assignor's Lender Loss Payable Status under the Westfield Policy.

*See, Smith Aff., ¶4, Exhibit A thereto, p. 1, ¶s 1-2.*

15.    Thereafter, pursuant to the terms of a "Contribution Agreement" dated March 16, 2016, TCFI Bell SPE I, LLC, which is under common control with the TCFI entity who is a party to this lawsuit, transferred its rights in and to various notes and agreements to TCFI, including under the Assignment Agreement. *See, Smith Aff., ¶5, Exhibit B attached thereto, which is a copy of the Contribution Agreement between TCFI Bell SPE I, LLC and TCFI.*

16.    On or about August 14, 2016, TCFI filed its Garnishment Motion in the State Court action where it obtained the default judgment against Bell, and it served the same on Westfield. *See, Doc. #9, ¶s 1-3, Page ID #996, and Doc. #9-2, Page ID #s1146-49.*

17.    On October 28, 2016, Westfield filed its "Complaint for Declaratory Judgment and Damages" ("Westfield's Complaint"), in which Westfield asserted numerous declaratory judgment counts or claims with regard to the Insurance Claim, as well as an unjust enrichment claim seeking restitution in the amount by which Westfield overpaid the Insurance Claim. *See, Westfield's Complaint, Doc. # 26.*

18.    Westfield's Complaint names TCFI as a party to this lawsuit, alleges TCFI's Garnishment Motion, and specifically asserts in each of Westfield's counts or claims that "TCFI has been joined in this action due to its alleged interest in the resolution of this issue." *See, Doc. #26, ¶s 1.3, 2.11, 3.11, 4.15, 5.12, 6.4, 7.7, and 8.5, Page ID #s 1236, 1238, 1243, 1249, 1256, 1258-59, 1260, and 1261.*

19.    Additionally, Westfield's Complaint includes a "Demand for Relief," which specifically requests that judgment be entered in its favor and against both Bell and TCFI on all counts or claims. *See, Doc. #26, "IX. Demand for Relief," Page ID #s 1261-1262.*

20.    TCFI answered Westfield's Complaint, confirming TCFI's interest relating to the subject matter of this action and otherwise denying Westfield's allegations, counts, claims and

demand for relief, without asserting any claim of its own against Westfield, and only asserting one affirmative defense: "TCFI does not waive and fully reserves all rights available under contract, common law, and applicable statutes to preserve, protect and enforce its lien and other rights to insurance proceeds paid or payable in connection with this action." *See, TCFI's Answer and Affirmative Defense, Doc. #27, ¶s 1.4-8.4, 8.5, and "Affirmative Defense," Page ID #s 1676-77.*

21.     At no time before or after entry of this Court's Order realigning the parties did TCFI renew its Garnishment Motion, make a request for a continuing attachment lien or entry of an order of attachment, or otherwise assert any claim in this suit for garnishment or attachment. Instead, TCFI filed the instant Motion seeking an "Order of Attachment." *See, Doc. #s 116, 116-1, & 117.*

## ARGUMENT

**A.     TCFI Claims An Interest Relating To The Subject Matter Of This Lawsuit, And Is A Necessary Party To The Suit; Westfield Named TCFI A Party And It Must Not Be Dismissed, Even If It Were Entitled To A Garnishment Or Attachment Order**

TCFI unquestionably holds and has asserted an interest relating to the Insurance Claim and proceeds under the Policy for the Insurance Claim which are the subject matter of this lawsuit. To be sure, TCFI obtained and alleges it is holder of a default judgment against Bell in an amount larger than the Insurance Claim at issue and larger than the limits of liability under the Policy, and it filed and served a Garnishment Motion against Westfield in the State Court case where it was awarded the default judgment. *See, Westfield's SOF ¶s 7 & 16.* Westfield, however, removed the matter to this Court, and after realignment of the parties, including realignment of TCFI as a defendant, Westfield filed its Complaint naming both Bell and TCFI and asserting claims or causes of action against Bell and TCFI. *See, Westfield's SOF ¶s 17-19.*

Indeed, Westfield named TCFI as a party to this suit and asserted the claims that it did against both Bell and TCFI due to the interest TCFI asserted in its Garnishment Motion and to

achieve complete relief in one action against all interested parties for the very purpose of avoiding the risk of incurring double or otherwise inconsistent obligations because of such interest. TCFI answered Westfield's Complaint *(SOF ¶20)*, and it otherwise took steps to protect its interest in, among other ways, participating in a settlement conference with Magistrate Dinsmore held in this matter in April 2017. Additionally, during discovery thus far, Bell and TCFI have produced copies of agreements, filings and other documents further demonstrating the nature and extent of TCFI's interest here *(Westfield's SOF, ¶s 12-15)*, and despite this interest TCFI seeks dismissal from this lawsuit as part of the proposed "Order of Attachment" it has submitted with its Motion.

However, whether TCFI is entitled to an attachment lien or garnishment order, the Court should reject TCFI's proposed Order and request for dismissal, and it should instead find and rule that TCFI is a necessary party that must remain in this lawsuit in order to ensure the claims and causes of action asserted by Westfield (and Bell for that matter) can be and are addressed and resolved in one proceeding which is binding on TCFI as a party. Otherwise, Westfield faces the risk of costly, inefficient and duplicative litigation and inconsistent judgments, which the Federal Rules disfavor. In fact, under Federal Rule of Civil Procedure 19(a)(1), Federal Courts are empowered to join persons or entities such as TCFI who claim an interest relating to the subject of the action. *See, Fed. R. Civ. Proc. 19(a)(1).* While joinder is not the issue at this point since TCFI is already a party, TCFI clearly falls within the category of necessary persons or entities required to be joined under Rule 19(a)(1), and TCFI has offered no reason why it should be un-joined or dismissed.

Here, the case is even stronger for keeping TCFI a party, as it acquired as part of a series of transactions and agreements prior to the filing of this lawsuit all rights of FFB&T, including FFB&T's mortgagee and loss payee rights under the Policy *(Westfield's SOF, ¶s 12-15)*, making

TCFI a necessary party to the action under long-standing Indiana law. *See, e.g., Aetna Ins. Co. v. Reyman,* 132 N.E. 657, 658 (Ind. 1921); *Commercial Union Fire Ins. Co. of New York v. Wade,* 8 N.E.2d 1009, 1010 (Ind.App.Ct. 1937). In explaining the insurance carrier's right to have a mortgagee/loss payee a party to the case in *Wade*, the Indiana Appellate Court stated:

> Under the circumstances, appellant was entitled to have the mortgagee made a party to the action, either plaintiff or defendant, in order that the rights of the mortgagee might be adjudicated in the one proceeding so that the insurer would not be subjected to the expense, annoyance, and hazard of another action.

*Wade, 8 N.E.2d at 1010.* Like the carrier in *Wade*, Westfield made TCFI a party, and it should be entitled to keep it that way in order to adjudicate the issues here in one proceeding, bind TCFI to the result, and avoid the risk and expense, etc. of another action or inconsistent judgments.

Finally, TCFI is not entitled to summary judgment or dismissal for the additional reason that its Motion does not address or otherwise offer any basis for relief from the claims and causes of action asserted by Westfield against TCFI. In fact, TCFI concedes the point, stating that its Motion "does not concern or affect the merits of the insurance coverage claims asserted by the other parties, whether as claims, counterclaims or third party claims," and that it "has not at any time since commencement of proceedings in the State Court and does not now seek any determination of the merits of the insurance coverage claims asserted by the other parties." *See, TCFI's Motion and Memorandum, Doc. #116, Page ID #3360, and Doc. #117, Page ID #3368.* In fact, summary judgment under Federal Rule 56(a) is only available to address claims and defenses asserted by or against a party *(Fed. R. Civ. Proc. 56(a)*), and here not only is TCFI's Motion not directed to any such claims or defenses, it expressly says so. Thus, TCFI is not entitled to a final judgment on anything, or dismissal, even if it were entitled to a garnishment or attachment order.

Accordingly, any Order issued in response to TCFI's Motion must not include any award of final judgment in favor of TCFI or dismissal of TCFI.

**B.     TCFI Is Not Entitled To Garnishment (Or Attachment) As Its Interest Is Contingent; Under The Policy, Westfield Is Not Indebted To Bell Until Bell Suffers A Proven Loss And The Amount Of Damage Directly Resulting From That Loss; Since Bell Has Not <u>Suffered Or Proven Such A Loss, No Debt Exists To Garnish (Or Attach)</u>**

TCFI's Motion seeks entry of what it calls an "Order of Attachment," or continuing lien, but it cites and relies on Indiana rules, statutes and case law governing garnishment. *See, Doc. #117.* Previously, TCFI filed a Garnishment Motion in its State Court action and served it on Westfield, and it is that Garnishment Motion Westfield removed to this Federal Court to kick off the proceedings here. Since then, the parties have been realigned, Westfield has asserted declaratory judgment and unjust enrichment claims against both Bell and TCFI, Bell and TCFI have answered those claims, and the case has proceeded for months, with the parties having made their way through much of the period allowed for liability discovery, with damages and expert discovery yet to come. Now, TCFI's Motion says it seeks attachment, but it is really garnishment that the Motion describes, the rules, etc. relied on being garnishment rules under Indiana law.

Attachment and garnishment are distinguishable. An attachment applies when a plaintiff seeks to attach the property of the defendant, whereas a garnishment applies when a third party possesses or controls the defendant's property. *See, Bowyer Excavating, Inc. v. Commissioner, Indiana Dept. of Environmental Management,* 671 N.E.2d 180, 184 (Ind.App.Ct. 1996). More to the point, an "attachment" is an ancillary proceeding incidental to the main action by which the alleged debtor's property, subject to execution, is taken to secure the payment of any judgment that may be rendered in the main action. *See, Lakes and Rivers Transfer, a Div. of Jack Gray v. Rudolph Robinson Steel Co.,* 736 N.E.2d 285, 291 (Ind.App.Ct. 2000). Ordinarily, attachment is a statutory *ex parte* proceeding, *Id.*, which is governed by Indiana Trial Rule 64.

Garnishment, on the other hand, is a proceeding in which the plaintiff or judgment creditor seeks to reach property of the defendant or debtor in the hands of a third person, called the

garnishee. *See, Keaton v. Fort Wayne Neurosurgery,* 780 N.E.2d 1183, 1185 (Ind.App.Ct. 2003). Garnishment is similar to attachment, except that garnishment applies where a third party possesses or controls the defendant's or debtor's property, *Bowyer Excavating,* 671 N.E.2d at 184, and is governed by Indiana Trial Rule 69. While calling it attachment in its current Motion as compared to its previously served Garnishment Motion, TCFI really seeks garnishment from Westfield as the subject property, *i.e.,* the Policy, Insurance Claim and proceeds of the Policy for the Claim, are possessed by and under the control of a third-party, Westfield, not Bell.

However, contingent or uncertain interests, where it is unclear that a debt is owing to the judgment debtor by the garnishee, is not subject to garnishment. *See, Sandler v. Gilliland,* 605 N.E.2d 1174, 1177 (Ind.App.Ct. 1993). In other words, property in which the judgment debtor has no present interest may not be subjected to garnishment. *See, Browning & Herdrich Oil Co., Inc. v. Hall,* 489 N.E.2d 988, 989 (Ind.App.Ct. 1986). A mere unmatured interest, on the other hand, where the uncertainty involves only the amount of the debt, *not* the liability itself or the scope of liability, is subject to garnishment. *Sandler,* 605 N.E.2d at 1177. In *Sandler*, the Court found and explained that the judgment creditor's interest there was not merely about the amount of the debt at issue but, rather, was contingent, contingent upon another court's disposition of the property at issue there. *Id.*

While the Court in *Sandler* later determined that such a contingency should not preclude garnishment under the facts and circumstances there, the burden it was concerned with and did not wish to impose on the judgment creditor in the case does not apply here. *Sandler,* 605 N.E.2d at 1178. Specifically, in *Sandler* the Court did not believe the judgment creditor should be saddled with the contingency of having to continually investigate whether a court in which it was not a party entered a final order that would eliminate the contingency. Here, however, there is no such

concern or burden as TCFI already is a party and it easily is able to monitor activity via the Court's electronic docket such that it can keep track of when any order or other development may occur, if any, that would eliminate the contingency that exists here. Indeed, when the *Sandler* case was issued in 1993, the electronic dockets we all use now had not yet come into existence, and it is questionable whether in this day and age the *Sandler* Court would have ruled as it did.

But even if it would have, there is yet another reason why in this case Bell's Insurance Claim under the Westfield Policy is not a garnishable debt for TCFI. Specifically, the insurance Policy TCFI wishes to garnish here is a contract of indemnity against loss under which Westfield does not become liable until Bell suffers and establishes a proven loss in an amount that is reasonably certain, and courts addressing whether such policies indemnifying against loss as suffered by an insured, as differentiated from an insured's liability, can be garnished in the absence of a proven loss have denied garnishment. *See, e.g., Fireman's Fund Ins. Co. v. Puget Sound Escrow Closers, Inc.,* 979 P.2d 872, 877 (Wash.App.Ct. 1999) (holding insured debtor did not suffer an indemnifiable loss under its fidelity bond which created a garnishable debt), *citing and quoting Central Nat'l. Ins. Co. v. Ins. Co. of N. Amer.,* 522 N.W.2d 39, 42 (IA 1994) (same).

Similarly here, Bell has not proven to a reasonable degree of certainty that it suffered an indemnifiable loss under the Westfield Policy, beyond what Westfield previously paid out within the first ninety days of the transfer switch failure at issue. While Bell has presented several different iterations of large, speculative business income loss claims, it has yet to establish to any degree of reasonable certainty any actual loss. Furthermore, it is Westfield's contention it overpaid Bell's Insurance Claim, including for alleged business income loss. In fact, Westfield has asserted a cause of action for unjust enrichment against both Bell and TCFI, and it is seeking restitution in the amount it overpaid. *See, SOF ¶s 17-18.* In short, there simply has been no substantiation at this

point of any additional liability under the Policy for Bell's alleged losses here and, as such, any debt owed by Westfield is contingent and does not justify TCFI's request for garnishment or a continuing attachment lien.

Likewise, because only those debts which are certain and not subject to a contingency are attachable in garnishment, unliquidated tort claims for such things as breach of the duty of good faith and fair dealing, *i.e.,* "bad faith" claims, are also *not* subject to garnishment. *See, Keaton v. Fort Wayne Neurosurgery,* 780 N.E.2d 1183, 1185 (Ind.App.Ct. 2003). *See also, T.A. v. Allen,* 868 A.2d 594, 599 (PA Superior Ct. 2005) (unliquidated claim for "bad faith" against an insurance company is "property subject to a contingency" and, therefore, not attachable in garnishment). As a result, claims such as those plead by Bell in this case for alleged breach of the duty of good faith and fair dealing, or even Bell's alleged breach of contract related to its claimed business income losses which have yet to be proven or valued to a reasonable degree of certainty, are not subject to garnishment under Indiana law.

Accordingly, TCFI's Motion for garnishment or attachment is not supported under the facts and Indiana law, and its Motion and proposed Order should be denied for these reasons.

**C.     TCFI Is Also Not Entitled To Garnishment (Or Attachment) Because It Failed To Prove Up The Value Of The Property It Seeks To Garnish Or Otherwise Include Any <u>Monetary Damage Amount In Its Proposed Order</u>**

As currently presented, TCFI's proposed garnishment order or order of attachment is essentially for a blank check, as it includes no statement of any value to be placed on the property to be garnished here, or no monetary damage award. *See, Doc. #116-1.* While this may be understandable for the reason that attempting to place such a value or compute a damages award on the garnishment or attachment that TCFI seeks would be completely premature here given that Bell itself has yet to establish it suffered a proven loss in an amount certain, or to a reasonable

degree of certainty, and/or has not otherwise proven the scope or amount of damage directly resulting from the loss it claims. In fact, months remain under the current case schedule for the parties to conduct and complete fact and expert discovery as to damages.

However, it is well established that a judgment attaches only to the extent that the judgment debtor has an interest in the property sought to be attached, *Freidline v. Thomalla,* 852 N.E.2d 17, 21 (Ind.Ct.App. 2006), and when the subject of the garnishment is an insurance policy, the judgment creditor seeking garnishment and the court awarding it must establish the debtor's policy limits to determine the value of the property to be garnished, as only the property currently owned by the debtor is subject to garnishment. *See, WW Extended Care, Inc. v. Aetna Life Ins. Co.,* 755 N.E.2d 712, 718-719 (Ind.Ct.App. 2001).

In *WW Extended Care*, the judgment creditor there requested entry of a garnishment order in an amount certain, albeit as part of a request for default judgment because the garnishee failed to appear. But the trial court eliminated the damage award from the judgment it ultimately entered, and the Indiana Appellate Court found that to be error. *Id.* at 719. In explaining its ruling, the Appellate Court pointed out that the judgment creditor must establish with some specificity what property or amounts it seeks to garnish or attach, and it confirmed that a judgment creditor has no right to property above and beyond what the judgment debtor's policy limits covered under the insurance policy at issue. *Id.* As a result, the Court remanded the case for further proceedings as to the issue of damages.

Here, there has been no proceedings concerning the issue of damages, and the period for discovery as to damages remains open for a long while yet. Additionally, TCFI's has requested no such proceedings as part of its Motion, and the proposed Order it has submitted does not include any value on the part(s) of the Westfield Policy that it seeks to garnish, let alone any mention of

the limits of liability under the Policy, the remaining limits after the pre-suit payments that were made, the overpayment Westfield is claiming, or any monetary damage award whatsoever. Moreover, the amount of the default judgment TCFI claims to hold at this point likely have been further reduced by the recoveries and other transactions that have occurred since entry of the default judgment in favor of TCFI, and TCFI has come forward with no statement of these amounts either, which would surely operate to reduce the amount, if any, still at stake.

Accordingly, for these reasons too TCFI's Motion and proposed Order should be denied.

## CONCLUSION

For all of the foregoing reasons, Westfield respectfully requests that this Honorable Court deny TCFI's Motion for Summary Judgment and *not* enter the Order of Attachment TCFI has proposed. At a minimum, any Order issued in response to TCFI's Motion must *not* include any award of final summary judgment or dismissal of TCFI, and any attachment lien granted must take into account that Bell's claims for alleged breach of the duty of good faith and fair dealing, and even its claimed business income losses, are contingent and not subject to garnishment. Additionally, any Order issued in response to TCFI's Motion must first take into account the applicable limits of liability under the Policy, the fact that Westfield already paid $1,000,000, thereby reducing the amount of any remaining limits of liability, if any, and must not merely include a blank garnishment or attachment award but, rather, provide a concrete value of the property to be garnished or damages to be awarded after further proceedings take place for the purpose of ascertaining available limits and/or calculating an appropriate damages amount, if any, once the liability and other coverage issues in this lawsuit are further litigated and resolved.

Dated:  January 23, 2018                    Respectfully submitted,

**SMITH FISHER MAAS HOWARD & LLOYD, P.C.**


/s/ Mark R. Smith
MARK R. SMITH, 2115-49

7209 North Shadeland Avenue
Indianapolis Indiana 46250
Telephone: (317) 578-1900
E-mail: msmith@smithfisher.com

-and-

**SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.**


/s/ Edward W. Gleason
EDWARD W. GLEASON, Ill. Bar #6204438

566 West Adams Street, Suite 750
Chicago, Illinois 60661
Telephone: (312) 214-1400
E-mail: egleason@skgsmlaw.com

*Counsel for Plaintiff, Westfield Insurance Company*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 23, 2018, a copy of the foregoing, **"Westfield's Memorandum of Law in Response and Opposition to Defendant, TCFI Bell SPE III LLC's Motion for Summary Judgment on TCFI's Request for Order of Attachment,"** was filed electronically utilizing the Court's electronic filing system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dustin R. DeNeal
Kevin Morris Toner
**FAEGRE BAKER DANIELS LLC**
600 E. 96TH Street, Suite 600
Indianapolis, IN 46240
Dustin.Deneal@FaegreBD.com
*Counsel for Defendant, TCFI BELL SPE III LLC*

Angela P. Krahulik
Jenny Buchheit
**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, IN 46282
Angela.Krahulik@icemiller.com
Jenny.Buchheit@icemiller.com
*Counsel for Defendant/Counter-Plaintiff, Bell Aquaculture, LLC*

Michael E. Brown
Casey R. Stafford
**KIGHTLINGER & GRAY, LLP**
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mbrown@k-glaw.com
*Counsel for Third-Party Defendant, Early, Cassidy & Schilling, Inc.*

/s/ Mark R. Smith
Mark R. Smith, 2115-49