**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| BELL AQUACULTURE, LLC and ) | |
| TCFI BELL SPE III, LLC, ) | |
| ) | **Case No. 1:16-cv-02269-TWP-MJD** |
| Defendants/Counter-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EARLY, CASSIDY & SCHILLING, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

**WESTFIELD'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST BELL'S BAD FAITH AND PUNITIVE DAMAGE CLAIMS**

**NOW COMES** Plaintiff/Counter-Defendant, Westfield Insurance Company ("Westfield"), by counsel, and pursuant to the Case Management Plan, Orders amending same and Federal Rule of Civil Procedure 56, hereby respectfully moves this Honorable Court for entry of partial summary judgment in its favor and against Defendant/Counter-Plaintiff, Bell Aquaculture, LLC ("Bell"), on Count III of Bell's Counterclaim for breach of the duty of good faith and fair dealing which seeks bad faith and punitive damages. In support of this motion for summary judgment, Westfield states as follows:

1. In this insurance coverage lawsuit, Westfield and Bell dispute whether Bell has valid claims for alleged property damage and claimed business income under the commercial package insurance policy Westfield issued to Bell.

2. In Count III of its Counterclaim, Bell plead a claim for breach of the implied duty of good faith and fair dealing, which seeks bad faith and punitive damages.

3. By this motion, Westfield respectfully requests that this Honorable Court grant Westfield judgment on the pleadings and/or summary judgment on Bell's Count III.

4. As will be demonstrated in the accompanying brief and submission of summary judgment evidence, Westfield promptly and fairly investigated Bell's claims, retained consultants to assist with the investigation and adjustment of the claims, regularly communicated with and otherwise kept Bell advised of its investigation and the insurance coverage issues implicated by Bell's claims, and advance paid $1,000,000 to Bell within ninety (90) days of the ATS failure for its building and business income/expense claims.

5. The record will also amply demonstrate that after Bell provided additional information and documents that were requested and necessary to Westfield's ongoing investigation and assessment of the insurance coverage issues, Westfield prepared and issued its coverage position to Bell detailing therein the investigation efforts Westfield undertook to reach its position, summarizing the facts it understood to be material to the coverage issues implicated by the claims, and explaining its response to the claims and the basis for its positions that:  (1) Bell's fish loss was not covered by the insurance policy; (2) Bell had not demonstrated a compensable business income loss; and (3) Bell had not demonstrated that any additional funds were owing on its building and extra expense claims.

6. Unquestionably, Bell bears the burden of proving, and not merely alleging, a basis for its Count III bad faith and punitive damages claims by clear and convincing evidence demonstrating that Westfield breached the duty of good faith and fair dealing *vis-a-vis* Bell.

7. Here, however, Bell cannot meet its burden of proving Westfield failed to properly investigate the claim, or that the results of Westfield's investigation did not provide a rational, principled basis for its coverage position. To be sure, the evidence in this case establishes as a matter of law that there simply is no genuine issue as to any material fact with regard to the issues addressed in this motion and that Westfield is entitled to a judgment as a matter of law on Count III of Bell's Counterclaim because:

- Bell failed to plead its bad faith and punitive damage claims with requisite specificity; and

- Westfield had a good faith dispute concerning:
    - Whether Bell's fish were covered by the insurance policy;
    - Whether Bell demonstrated a compensable business income loss; and
    - Whether Bell demonstrated that any additional funds were owing on Bell's building and extra expense claims.

8. Accordingly, Westfield requests that this Court grant this motion and enter a final judgment in favor of Westfield and against Bell on Count III of Bell's Counterclaim.

**WHEREFORE**, for all of the foregoing reasons, and those set forth in the accompanying Memorandum of Law and Affidavits and other record evidence having been either previously filed of record or being contemporaneously filed herewith, Westfield prays that this Honorable Court grant this motion and enter an Order granting partial summary judgment in favor of Westfield and against Bell on Count III of Bell's Counterclaim, and awarding costs and such further relief as the Court deems just and proper.

Dated: March 30, 2018 Respectfully submitted,

**SMITH FISHER MAAS HOWARD & LLOYD, P.C.**

/s/ Mark R. Smith
MARK R. SMITH, 2115-49
7209 North Shadeland Avenue
Indianapolis Indiana 46250
Telephone: (317) 578-1900
E-mail: msmith@smithfisher.com

-and-

**SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.**

/s/ Edward W. Gleason
EDWARD W. GLEASON, Ill. Bar 6204438
621 South Plymouth Court, Suite 100
Chicago, Illinois 60605
Telephone: (312) 214-1400
E-mail: egleason@skgsmlaw.com

*Counsel for Plaintiff and Counter-Defendant, Westfield Insurance Company*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 30, 2018, a copy of the foregoing, **"Westfield's Motion for Partial Summary Judgment against Bell's bad faith and punitive damages claims,"** was filed electronically utilizing the Court's electronic filing system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Angela P. Krahulik
Jenny Buchheit
**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, IN 46282
Angela.Krahulik@icemiller.com
Jenny.Buchheit@icemiller.com
*Counsel for Defendant/Counter-Plaintiff, Bell Aquaculture, LLC*

Dustin R. DeNeal
Kevin Morris Toner
**FAEGRE BAKER DANIELS LLC**
600 E. 96TH Street, Suite 600
Indianapolis, IN 46240
Dustin.Deneal@FaegreBD.com
*Counsel for Defendant, TCFI BELL SPE III, LLC*

Michael E. Brown
**KIGHTLINGER & GRAY, LLP**
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mbrown@k-glaw.com
*Counsel for Third-Party Defendant, Early, Cassidy & Schilling, Inc.*

    /s/ Mark R. Smith
    Mark R. Smith, 2115-49

Q:\WES-1146\Summary Judgment – Bad Faith & Punitive Damages\SJ Mot WES