**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,   )<br>            Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>BELL AQUACULTURE, LLC &   )<br>TCFI BELL SPE III, LLC,   )<br>            Defendants/Third-Party Plaintiffs.   )<br>   )<br>   v.   )<br>   )<br>EARLY, CASSIDY & SCHILLING, INC.,   )<br>            Third-Party Defendant.   ) | No. 1:16-cv-02269-TWP-MJD |

**BELL AQUACULTURE LLC'S MOTION TO LIMIT EXPERT OPINIONS AND
TESTIMONY OF DR. ELIZABETH BUC, CHARLES FRICKE, AND
RICHARD MARZOLA**

Defendant/Counterclaim Plaintiff/Third Party Plaintiff Bell Aquaculture, LLC ("Bell"), by counsel and pursuant to the Court's Case Management Plan (amended in relevant part by Dkt. 242), Fed. R. Evid. 702, and the standards set forth by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), respectfully requests that the Court exclude certain opinions offered by Dr. Elizabeth Buc, Charles Fricke, and Richard Marzola (collectively "Westfield's Experts"), and bar them from offering testimony relating to those opinions at trial, because the opinions are irrelevant, will not assist the trier of fact in deciding any issue in this case, and are not properly supported.  In support of this Motion, and in addition to the Brief in Support that is being filed contemporaneously herewith, Bell states as follows:

1. Plaintiff/Counterclaim Defendant Westfield Insurance Company ("Westfield") has offered Dr. Buc, Mr. Fricke, and Mr. Marzola as experts in this case.  Although purportedly

retained for different purposes, each of the proposed experts has offered an opinion regarding the cause of the automatic transfer switch failure that gives rise to this dispute.

2. While the parties dispute Westfield's coverage obligations regarding the losses Bell sustained following the transfer switch failure, the existence of coverage does not depend on the cause of the failure (i.e. whether the failure resulted from a lack of maintenance, an overload, or otherwise). Indeed, the cause of the failure is entirely irrelevant to whether Westfield is obligated to provide coverage to Bell. As such, the opinions of Westfield's Experts regarding the cause of the failure should be excluded, and they should not be permitted to testify as to those opinions at trial.

3. Even if the opinions were relevant to this case, they lack the support, reasoning, and bases to be admissible under the federal rules and pursuant to federal case law. Although Westfield's Experts speculate as to why the failure occurred, they do not offer any meaningful evidence to support their subjective beliefs. In fact, in multiple instances, Westfield's Experts concede that the evidence does not allow them to conclude how the failure actually occurred. In other instances, they fail to explain how the facts they rely upon (even if true) could lead to the conclusions they reached. Importantly, none of Westfield's Experts conducted any testing on the transfer switch to confirm their theories, and they cannot do so now, as it has been destroyed by one of Westfield's representatives. As such, the opinions of Westfield's Experts regarding the cause of the failure should be excluded, and they should not be permitted to testify as to those opinions at trial.

WHEREFORE, Bell respectfully requests that the Court grant its Motion to Limit Expert Opinions and Testimony, exclude Dr. Buc, Mr. Fricke, and Mr. Marzola's opinions regarding the cause of the failure, bar Dr. Buc, Mr. Fricke, and Mr. Marzola from offering any testimony

relating to those opinions at the trial of this matter, and grant Bell all other relief just and proper in the premises.

                                            Respectfully submitted,

                                            ICE MILLER LLP

                                            /s/ Jenny R. Buchheit
                                            Angela P. Krahulik, #23026-49
                                            Jenny R. Buchheit, #26653-49
                                            Samuel B. Gardner, #32825-29
                                            ICE MILLER LLP
                                            One American Square, Suite 2900
                                            Indianapolis, IN 46282-0200
                                            Telephone: (317) 236-2100
                                            Facsimile: (317) 236-2219
                                            Angela.Krahulik@icemiller.com
                                            Jenny.Buchheit@icemiller.com
                                            Samuel.Gardner@icemiller.com

                                            *Attorneys for Defendant/Counterclaim Plaintiff/*
                                            *Third-Party Plaintiff Bell Aquaculture, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2019, a copy of the foregoing was filed electronically through the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Dustin R. DeNeal
Kevin M. Toner
FAEGRE BAKER DANIELS LLC
dustin.deneal@faegrebd.com
kevin.toner@faegrebd.com

*Attorneys for TCFI BELL SPE III LLC*

Michael E. Brown
Casey R. Stafford
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com
cstafford@k-glaw.com

*Attorney for Early Cassidy & Schilling, Inc.*

Edward W. Gleason
SENAK KEEGAN GLEASON SMITH MICHARUD, LTD.
egleason@skgsmlaw.com

Rebecca J. Maas
Stephen Wheeler
Linda Vitone
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
rmaas@smithfisher.com
swheeler@smithfisher.com
lvitone@smithfisher.com

*Attorneys for Westfield Insurance Company*

      /s/ Jenny R. Buchheit
      Jenny R. Buchheit

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100