**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02269-TWP-MJD |
| | ) | |
| BELL AQUACULTURE, LLC & | ) | |
| TCFI BELL SPE III, LLC, | ) | |
|     Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARLY, CASSIDY & SCHILLING, INC., | ) | |
|     Third-Party Defendant. | ) | |

## BELL AQUACULTURE LLC'S MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

Defendant/Counterclaim Plaintiff/Third Party Plaintiff Bell Aquaculture, LLC ("Bell"), by counsel and pursuant to S.D. Ind. L.R. 5.11, Section 18 of the CM/ECF Policies and Procedures Manual, and the parties' Stipulated Protective Order (Dkt. 69), respectfully requests leave to file an exhibit (Dkt. 247-1) under seal. In support of this Motion, Bell states as follows:

1. On March 14, 2017, this Court entered its Order approving of the parties' Stipulated Protective Order (Dkt. 69). Therein, the Court set forth a mechanism which permits Bell to file documents under seal that were designated as "Confidential" by either Bell or Plaintiff/Counterclaim Defendant Westfield Insurance Company ("Westfield"). (*Id.* at 8.)

2. Contemporaneous with this Motion, Bell filed motions to limit or exclude opinions or testimony of certain of Westfield's proposed expert witnesses, as well as its supporting Appendices. Attached to the Appendix of Sealed Exhibit in Support of Bell's Motions to Limit and/or Exclude Expert Opinions and Testimony (Dkt. 247) is a document that

Bell has designated as "Confidential." Specifically, Bell has designated portions of the Deposition of Matthew S. Larson as "Confidential." (*See* Dkt. 247-1.)

3. The relevant excerpt from Mr. Larson's deposition transcript contains, among other things, Bell's confidential financial information.

4. Confidential and proprietary financial and trade secret information, such as is present in the relevant excerpt from Mr. Larson's deposition transcript, constitutes a "trade secret or other confidential research, development or commercial information" as contemplated under Federal Rule 26. *See* Fed. R. Civ. P. 26(c)(1)(G).

5. Rule 26(c)(1)(G) provides a means by which a party may seek an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Contemplating that the discovery in this case would reveal certain documents or information that the parties believe in good faith contains legally privileged or protected information, proprietary information, and/or trade secrets – such as Bell's financial, research, development, and trade secret information – the parties jointly moved for, and the Court granted, entry of an Stipulated Protective Order. (Dkt. 69.)

6. A court facing a request to seal must satisfy itself that there is good cause to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The test is a two-part inquiry. First, the court must determine if the information constitutes a trade secret or other confidential information. Second, upon finding that the information is indeed confidential, the court must determine whether there is good cause for the requested protection. *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 413 (S.D. Ind. 2001). This Court has previously explained that Rule 26(c) "facilitates disclosure. If parties suspect that their [confidential information] may fall into the wrong hands, parties may be uncooperative with

respect to discovery requests. Assuring the safety of these sensitive disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Id.* at 413-14 (internal citations omitted).

7. Moreover, Rule 26(c) provides protection to confidential information. *See Directory Concepts, Inc. v. Fox,* 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008). The good cause inquiry requires the moving party to show "that disclosure will work a clearly defined and serious injury." *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 424 (S.D. Ind. 2001) (internal citation omitted).

8. First, the information Bell seeks to protect (contained in the relevant excerpt from Mr. Larson's deposition transcript) is confidential and proprietary as contemplated by the Stipulated Protective Order. Bell's financial information – including information gleaned from Bell's tax returns, as well as Bell's profit and loss statements, and other accounting documents – is confidential to Bell. Information from Bell's tax returns is "protected by statute and is a bona fide reason for long-term confidentiality," *Malibu Media, LLC v. Harrison*, 2015 WL 13646107, at *2 (S.D. Ind. May 21, 2015) (internal citations omitted), and Bell's remaining "sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may properly be filed under seal," *Entertainment USA, Inc. v. Moorehead Commn's, Inc.*, 2015 WL 3617126, at *3 (N.D. Ind. June 9, 2015) (internal citation and quotations omitted). Such confidential financial information is included in Dkt. 247-1.

9. Second, there is "good cause" for the requested protection. The disclosure of the information in the relevant excerpt from Mr. Larson's deposition transcript to the general public will harm Bell by disclosing its confidential financial information.

3

10. This Court has previously ruled that information similar to the confidential information contained in the relevant excerpt from Mr. Larson's deposition transcript should be maintained under seal. (*See* Dkt. 172 at 2-3; Dkt. 221 at 2; Dkt. 222.)

11. Prior to filing the relevant excerpt from Mr. Larson's deposition transcript, Bell reviewed it closely. Bell believes that the relevant excerpt from Mr. Larson's deposition transcript can be filed for public access with certain redactions. Pursuant to S.D. Ind. Local Rule 5-11 and the Stipulated Protective Order, Bell attached to its Appendix (Dkt. 246) a redacted version of the relevant excerpt from Mr. Larson's deposition transcript as Dkt. 246-5.

12. Counsel for Bell has tendered unredacted copies of the relevant excerpt from Mr. Larson's deposition transcript to both the Court and the parties, in accordance with the provisions of S.D. Ind. L.R. 5-11(d).

WHEREFORE, Bell respectfully requests that the Court grant it leave to file Dkt. 247-1 under seal, and grant it all other relief just and proper in the premises.

Respectfully submitted,

ICE MILLER LLP

/s/ Jenny R. Buchheit
Angela P. Krahulik, #23026-49
Jenny R. Buchheit, #26653-49
Samuel B. Gardner, #32825-29
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Facsimile: (317) 236-2219
Angela.Krahulik@icemiller.com
Jenny.Buchheit@icemiller.com
Samuel.Gardner@icemiller.com

*Attorneys for Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff Bell Aquaculture, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 6, 2019, a copy of the foregoing was filed electronically through the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Dustin R. DeNeal
Kevin M. Toner
FAEGRE BAKER DANIELS LLP
dustin.deneal@faegrebd.com
kevin.toner@faegrebd.com

*Attorneys for TCFI BELL SPE III LLC*

Michael E. Brown
Casey R. Stafford
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com
cstafford@k-glaw.com

*Attorney for Early Cassidy & Schilling, Inc.*

Edward W. Gleason
SENAK KEEGAN GLEASON SMITH MICHARUD, LTD.
egleason@skgsmlaw.com

Rebecca J. Maas
Stephen Wheeler
Linda Vitone
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
rmaas@smithfisher.com
swheeler@smithfisher.com
lvitone@smithfisher.com

*Attorneys for Westfield Insurance Company*

      /s/ Jenny R. Buchheit
      Jenny R. Buchheit

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100