**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02269-TWP-MJD |
| | ) | |
| BELL AQUACULTURE, LLC & | ) | |
| TCFI BELL SPE III, LLC, | ) | |
|     Defendants/Third-Party Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARLY, CASSIDY & SCHILLING, INC., | ) | |
|     Third-Party Defendant. | ) | |

**BELL'S MOTION FOR CONTINUED MAINTENANCE UNDER SEAL OF PORTIONS OF CERTAIN DOCUMENTS FILED IN SUPPORT OF WESTFIELD'S *DAUBERT* MOTION TO LIMIT OR PRECLUDE CERTAIN OPINIONS AND/OR TESTIMONY OF BELL AQUACULTURE'S PROFFERED DAMAGES EXPERT MATT LARSON**

Defendant/Counterclaim Plaintiff/Third Party Plaintiff Bell Aquaculture, LLC ("Bell"), by counsel and pursuant to S.D. Ind. L.R. 5.11 and the parties' Stipulated Protective Order (Dkt. 69), and in response to Plaintiff/Counterclaim Defendant Westfield Insurance Company's ("Westfield") Motion to Maintain Documents Under Seal (Dkt. 254), respectfully requests that the Court continue to maintain under seal portions of Dkt. 252-1, Dkt. 252-3, Dkt. 252-4, and Dkt. 252-7, and maintain under seal the entirety of Dkt. 252-2 (collectively, the "Sealed Documents"), all of which were filed in support of Westfield's *Daubert* Motion to Limit or Preclude Certain Opinions and/or Testimony of Bell Aquaculture's Proffered Damages Expert Matt Larson (Dkt. 256). Additionally, Bell respectfully requests that the Court maintain certain portions of Westfield's Brief in Support of its *Daubert* Motion to Limit or Preclude Certain Opinions and/or Testimony of Bell Aquaculture's Proffered Damages Expert Matt Larson (Dkt. 253-1) ("Westfield's Brief") under seal. In support of this Motion, Bell states as follows:

1. In response to written discovery, various parties and non-parties produced information regarding Bell's insurance claim – information that is now contained in the Sealed Documents. The Sealed Documents contain, among other things, Bell's confidential financial information, as well as confidential trade secret information regarding the operation of Bell's fish farm.

2. Recognizing that this was Bell's confidential financial and trade secret information, the producing entities designated this information as "Confidential," consistent with the terms of the Stipulated Protective Order (Dkt. 69).

3. Confidential and proprietary financial and trade secret information, such as is present in the Sealed Documents, constitutes a "trade secret or other confidential research, development or commercial information" as contemplated under Federal Rule 26. *See* Fed. R. Civ. P. 26(c)(1)(G).

4. Rule 26(c)(1)(G) provides a means by which a party may seek an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Contemplating that the discovery in this case would reveal certain documents or information that the parties believe in good faith contains legally privileged or protected information, proprietary information, and/or trade secrets – such as Bell's financial, research, development, and trade secret information – the parties jointly moved for, and the Court granted, entry of an Stipulated Protective Order. (Dkt. 69.)

5. A court facing a request to seal must satisfy itself that there is good cause to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The test is a two-part inquiry. First, the court must determine if the information constitutes a trade secret or other confidential information. Second, upon finding that the

information is indeed confidential, the court must determine whether there is good cause for the requested protection. *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 413 (S.D. Ind. 2001). This Court has previously explained that Rule 26(c) "facilitates disclosure. If parties suspect that their [confidential information] may fall into the wrong hands, parties may be uncooperative with respect to discovery requests. Assuring the safety of these sensitive disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Id.* at 413-14 (internal citations omitted).

6. Moreover, Rule 26(c) provides protection to confidential information. *See Directory Concepts, Inc. v. Fox,* 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008). The good cause inquiry requires the moving party to show "that disclosure will work a clearly defined and serious injury." *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 424 (S.D. Ind. 2001) (internal citation omitted).

7. First, the information Bell seeks to protect in the Sealed Documents is confidential and proprietary as contemplated by the Stipulated Protective Order. Bell's financial information – including information gleaned from Bell's tax returns, as well as Bell's profit and loss statements, and other accounting documents – is confidential to Bell. Information from Bell's tax returns is "protected by statute and is a bona fide reason for long-term confidentiality," *Malibu Media, LLC v. Harrison*, 2015 WL 13646107, at *2 (S.D. Ind. May 21, 2015) (internal citations omitted), and Bell's remaining "sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may properly be filed under seal," *Entertainment USA, Inc. v. Moorehead Commn's, Inc.*, 2015 WL 3617126, at *3 (N.D. Ind. June 9, 2015) (internal citation and quotations omitted). Such

confidential financial information is included in Dkt. 252-1, Dkt. 252-2, Dkt. 252-3, Dkt. 252-4, and Dkt. 252-7.

8. Similarly, the Sealed Documents include information that constitutes confidential trade secrets regarding the operation of Bell's fish farm. Among other things, Bell's Bioplan, as well as other information regarding the raising of Bell's fish, the feeding of Bell's fish (including the timing of such feedings, as well as the content), the quantities of fish that Bell produced, the mortality rates of Bell's fish, and the growth rates of those fish are confidential trade secrets and/or commercially sensitive information proprietary to Bell. *See generally PepsiCo, Inc. v. Redmond*, 54 F.3d 1262 (7th Cir. 1995) (discussing numerous types of commercially sensitive/trade secret information); *Metavante Corp. v. Emigrant Sav. Bank*, 2008 WL 4722336, *10 (E.D. Wis. Oct. 24, 2008) (granting motion to seal documents containing trade secrets including specific methods, techniques and processes used by the parties and nonpublic business plans and strategies). The information contained in the Sealed Documents – when taken together – would allow someone to replicate Bell's sophisticated and highly confidential operation, thereby resulting in irreparable harm to Bell. Such confidential trade secrets are included in Dkt. 252-1, Dkt. 252-2, Dkt. 252-3, Dkt. 252-4, and Dkt. 252-7.

9. Second, there is "good cause" for the requested protection. The disclosure of the information in the Sealed Documents to the general public will harm Bell by disclosing its confidential financial information, as well as its trade secrets. As discussed above, disclosure of information regarding Bell's operations, contained in Dkt. 252-1, Dkt. 252-2, Dkt. 252-3, Dkt. 252-4, and Dkt. 252-7, would allow someone to replicate Bell's operations. As Bell's operations are the result of years of research and development, Bell would be irreparably harmed if a third

party were permitted to use the data contained in the Sealed Documents to build a competing facility.

10. This Court has previously ruled that information similar to the confidential information contained in the Sealed Exhibits should be maintained under seal. (*See* Dkt. 172; Dkt. 221; and Dkt. 222.)

11. Bell has undertaken a review of the Sealed Documents, and believes that all but one (1) of the documents can be filed for public access with certain redactions. Pursuant to S.D. Ind. Local Rule 5-11 and the Stipulated Protective Order, Bell has attached hereto a redacted version of Dkt. 252-1 as **Exhibit A**; a redacted version of Dkt. 252-3 as **Exhibit B**; a redacted version of Dkt. 252-4 as **Exhibit C**; and a redacted version of Dkt. 252-7 as **Exhibit D**. Bell's review of Dkt. 252-2 revealed that the entire document was comprised of Bell's confidential financial and trade secret information, and thus, Bell requests that the Court maintain the entirety of Dkt. 252-2 under seal.

12. Additionally, Westfield filed a redacted version of its Brief as Dkt. 257, with a sealed version of its Brief as Dkt. 253-1. Bell has undertaken a review of the Brief and believes that the Brief can be filed for public access with certain redactions. Pursuant to S.D. Ind. Local Rule 5-11 and the Stipulated Protective Order, Bell has attached hereto a redacted version of Dkt. 253-1 as **Exhibit E**.

WHEREFORE, Bell respectfully requests that the Court:

(1) continue to maintain under seal the redacted portions of Dkt. 252-1, Dkt. 252-3, Dkt. 252-4, and Dkt. 252-7, as set forth in Exhibits A through D to this Motion;

(2) continue to maintain under seal the entirety of Dkt. 252-2;

(3) continue to maintain under seal the redacted portions of Dkt. 253-1, as set forth in Exhibit E to this Motion; and

(4) grant Bell all other relief that is just and proper in the premises.

Respectfully submitted,

ICE MILLER LLP

  /s/ Jenny R. Buchheit
Angela P. Krahulik, #23026-49
Jenny R. Buchheit, #26653-49
Samuel B. Gardner, #32825-29
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Facsimile: (317) 236-2219
Angela.Krahulik@icemiller.com
Jenny.Buchheit@icemiller.com
Samuel.Gardner@icemiller.com

*Attorneys for Defendant/Counterclaim Plaintiff/
Third-Party Plaintiff Bell Aquaculture, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

| | |
|---|---|
| Dustin R. DeNeal | Edward W. Gleason |
| Kevin M. Toner | SENAK KEEGAN GLEASON SMITH MICHARUD, LTD. |
| FAEGRE BAKER DANIELS LLC | egleason@skgsmlaw.com |
| dustin.deneal@faegrebd.com | |
| kevin.toner@faegrebd.com | Rebecca J. Maas |
| | Stephen Wheeler |
| *Attorneys for TCFI BELL SPE III LLC* | Linda Vitone |
| | SMITH FISHER MAAS HOWARD & LLOYD, P.C. |
| | rmaas@smithfisher.com |
| Michael E. Brown | swheeler@smithfisher.com |
| Casey R. Stafford | lvitone@smithfisher.com |
| KIGHTLINGER & GRAY LLP | |
| mbrown@k-glaw.com | *Attorneys for Westfield Insurance Company* |
| cstafford@k-glaw.com | |

*Attorney for Early Cassidy &Schilling, Inc.*


                                                 /s/ Jenny R. Buchheit
                                                Jenny R. Buchheit

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100