UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:16-cv-02269-TWP-MJD |
| TCFI BELL SPE III LLC, and<br>BELL AQUACULTURE LLC, | ) ) ) |
| Defendants. | ) ) ) |
| BELL AQUACULTURE LLC, | ) ) |
| Counter Claimant, | ) ) |
| v. | ) ) |
| WESTFIELD INSURANCE COMPANY, | ) ) |
| Counter Defendant. | ) |

**ENTRY ON PENDING MOTIONS NO. 181, 193, 216 AND 217**

This matter involves an insurance coverage dispute between Plaintiff Westfield Insurance Company ("Westfield") and Defendants TCFI Bell SPE III LLC ("TCFI Bell") and Bell Aquaculture LLC ("Bell") (collectively "Defendants"). Currently pending before the Court are various ancillary Motions associated with the parties' pending Motions for Partial Summary Judgment: (1) Bell's Motion for Leave to Incorporate by Reference Certain Portions of Its Response in Opposition to Westfield's Motion for Partial Summary Judgment as to Bell's Bad Faith and Punitive Damages Claims (DKT. 189) into Its Combined Memorandum in Support of Its Cross-Motion for Partial Summary Judgment/Response in Opposition to Westfield's Motion for Partial Summary Judgment (DKT. 110) ("Motion to Incorporate") (Filing No. 193); (2) Bell's

Motion for Leave to Supplement Its Appendix of Exhibits in Support of Its Response in Opposition to Westfield's Motion for Partial Summary Judgment as to Bell's Bad Faith and Punitive Damage Claims ("Motion to Supplement Appendix") (Filing No. 216); (3) Bell's Motion for Leave to File Surreply in Further Opposition to Westfield's Motion for Partial Summary Judgment ("Motion to File Surreply") (Filing No. 217); and (4) Westfield's and Non-party HSB's Objection to the Magistrate Judge's May 25, 2018 Order on Discovery Motions (DKT. #175) ("Objection to Magistrate Judge's Order") (Filing No. 181). The Court will address these four pending Motions in turn. The summary judgment motions will be resolved under separate order.

A.  **Bell's Motion to Incorporate (Filing No. 193)**

Westfield and Bell filed cross-motions for partial summary judgment on the issue of whether an insurance policy issued by Westfield provides coverage for the loss of Bell's fish under the "Equipment Breakdown Coverage Endorsement." In support of its motion, and in opposition to Westfield's cross-motion, Bell argued that the endorsement at least creates an ambiguity, which, under Indiana law, must be construed in Bell's favor. After the cross-motions for partial summary judgment were fully briefed, Westfield filed a second motion for partial summary judgment; this second motion concerned Bell's claim for bad faith and punitive damages. Further discovery was completed and Bell re-deposed a representative of The Hartford Steam Boiler Inspection and Insurance Company ("HSB"), which is Westfield's reinsurer. HSB reinsured the equipment breakdown coverage endorsement and played a large role in the investigation and adjustment of Bell's insurance claim.

During the deposition of HSB's representative, Bell learned that some HSB adjusters previously have paid claims involving animals despite the policies' inclusion of the "animals exclusion," which is at issue in this case. Bell learned this information in time to include it in its

response brief, opposing Westfield's second motion for partial summary judgment, regarding the bad faith claim. Bell asserts that this information also is directly relevant to its argument that the equipment breakdown coverage endorsement is ambiguous, an argument asserted in response to the first motion for partial summary judgment. Bell asks the Court for leave to incorporate into its response brief to the first motion for partial summary judgment portions of its response brief to the second motion to include this new information. Specifically, Bell asks to incorporate:

> a. Bell's "Additional material facts preclud[ing] summary judgment in favor of Westfield," Nos. 130 – 134 (Dkt. 189 at 27-28), incorporated into Dkt. 110 at 11;
>
> and
>
> b. The final two paragraphs in Section IV(B)(1)(a) (Dkt. 189 at 34-35) incorporated into Dkt. 110 at 20, at the conclusion of Section IV(B)[.]

(Filing No. 193 at 4.) Bell asserts that it only recently discovered this information, and justice requires that Bell be given the opportunity to fully present its arguments to the Court.

Westfield responds that Bell's request to incorporate is untimely, coming more than seven months after briefing was completed on the first summary judgment motion. Regarding the requested incorporation, Westfield argues, "if permitted, the same would operate to preclude Westfield from addressing Bell's evidence and legal arguments, even though it has now done so in its recently filed Reply submissions on Bell's bad faith claim. See, Dkt. #200 - #204 and #206." (Filing No. 215 at 3.) Westfield asserts that Bell's incorporation would give Bell the final—and only—word on these new facts and argument as they relate to the first summary judgment motion, which would unfairly prejudice Westfield. Additionally, Westfield argues that the evidence and argument Bell seeks to incorporate are irrelevant to the first summary judgment motion, which concerns the interpretation of the insurance policy and which does not involve consideration of extrinsic evidence.

In order to manage its docket, to keep the case moving, and in fairness to the parties, the Court has discretion to allow or prohibit supplemental materials (in this case incorporation of later-filed argument and evidence) after summary judgment briefing is closed. *See Pfeil v. Rogers*, 757 F.2d 850, 857–58 (7th Cir. 1985) (briefing schedules and local rules serve "the purpose of properly framing the issues in allowing the moving party to respond to all of the resisting party's arguments in its reply brief as well as allowing the trial court to organize and control its calendar in an orderly manner"); *see also Vance v. Ball State Univ.*, 646 F.3d 461, 468–69 (7th Cir. 2011).

In light of the timing of the parties' discovery efforts and when Bell discovered this new information, the Court determines that, out of fairness to Bell to be given the opportunity to fully present its arguments to the Court, incorporation is warranted in this case. The Court notes that this new evidence and argument is already in the summary judgment record before the Court, albeit under a separate summary judgment motion. Thus, allowing this incorporation will not delay the case. Furthermore, the Court is capable of fairly and accurately reviewing the designated evidence proffered by Bell to determine what is relevant to the issues and to determine what the evidence actually says, rather than a party's representation of that evidence. Additionally, Westfield noted in its response that it actually did reply to this new evidence and argument by "its recently filed Reply submissions on Bell's bad faith claim." Therefore, the Court will allow Bell's requested incorporation into the summary judgment materials for the "animals exclusion" motion, and, out of fairness to all parties, the Court also will take into consideration the submissions that Westfield provided with its Reply Brief on the bad faith claim. Bell's Motion to Incorporate (Filing No. 193) is **granted**.

**B.      Bell's Motion to Supplement Appendix (Filing No. 216)**

Bell asks the Court for leave to supplement its designated evidence in opposition to Westfield's summary judgment motion on the bad faith claim. In its Reply Brief, Westfield challenged the authenticity and admissibility of a number of Bell's response exhibits because they lacked authentication and a sworn statement. Bell now seeks to supplement the evidence to submit affidavits that will provide authentication for the previously-filed exhibits, and Bell argues there is no real dispute as to the exhibits' actual authenticity; instead, there is only the missing sworn statements. Furthermore, some of the documents Westfield challenges were produced by Westfield to Bell and were relied upon by Westfield in prior motions practice. Bell asserts that supplementing the evidence with its affidavits will not prejudice Westfield because Westfield has had the underlying evidence for some time and even relied upon and responded to the evidence. The proposed supplementation simply authenticates the underlying evidence.

Bell notes that Federal Rule of Civil Procedure 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact." Also, Local Rule 56-1(l) provides that, "in the interest of justice or for good cause, [the Court may] excuse failure to comply strictly with [Local Rule 56-1]." Bell asserts that courts in this District routinely allow supplementation to summary judgment materials. *See Vest v. Al-Shami*, 2014 U.S. Dist. LEXIS 23294, at *21 n.15 (S.D. Ind. Feb. 24, 2014) ("granted Plaintiff's motion to amend the exhibit to include [expert's] sworn declaration"); *Harpold v. Ethicon Endo-Surgery, Inc.*, 2009 U.S. Dist. LEXIS 20527, at *1–2 (S.D. Ind. Mar. 11, 2009) ("belated affidavit is sufficient to support the use of the report at the summary judgment stage").

Westfield responds that Bell's request to file authenticating statements is an overreach to get around the Local Rules and Trial Rules, and Bell was aware that it needed to submit authenticating statements with its evidence because Westfield already had filed evidence with authenticating statements, thereby setting the example in this case. Westfield complains that it had to use nine of its twenty-five allotted pages in its reply brief to address Bell's authentication issues and allowing Bell to now supplement to cure that problem would prejudice Westfield by depriving it of those nine reply brief pages. Bell could have met its obligation to authenticate its evidence, but it failed to do so, and Bell neglected to provide any explanation for its failure. Westfield asserts that Bell has failed to establish good cause for its failure to authenticate its evidence, and thus, Bell should be held accountable for its failings and not be permitted to provide supplementation.

Federal Rule of Civil Procedure 56(e) does not require a showing of "good cause" before a court may allow a party the opportunity to properly support their summary judgment facts. The Court does not agree with Westfield's position that it was unduly prejudiced when it chose to commit nine pages of its reply brief to evidentiary objections. Additionally, the Court considers it important that Westfield had the underlying designated evidence and was able to reply to that evidence and Bell's arguments, and the evidence could be presented in a form that would be admissible in evidence at trial. Therefore, in the interest of justice, and based on the Court's preference to decide cases on the merits rather than on procedural oversights, Bell's Motion to Supplement Appendix (Filing No. 216) is **granted** for the purpose of authenticating the previously-filed designated evidence.

C.     **Bell's Motion to File Surreply (Filing No. 217)**

Bell also asks the Court for leave to file a surreply brief in opposition to Westfield's summary judgment motion on the bad faith claim. Bell argues that Westfield advanced new

6

evidence and arguments and also challenged the admissibility of Bell's response evidence in Westfield's reply brief, and as such, Bell is entitled to file a surreply brief.

Westfield responds that Bell's proposed surreply brief far exceeds the scope of a surreply allowed by Local Rule 56-1(d). Westfield argues that its reply materials were simply a direct rebuttal of Bell's response arguments and evidence, which does not open the door to a surreply. Additionally, Westfield asserts, Local Rule 56-1 required it to object in its reply brief to Bell's response evidence; thus, these objections should not open the door to an overly-broad surreply brief.

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g., id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161, at *4–5 (S.D. Ind. Feb. 12, 2014).

The Court has carefully reviewed the parties' summary judgment briefing, including Bell's proposed surreply brief. In its reply brief, Westfield challenged the admissibility of Bell's response

7

evidence, and it also designated new evidence. These are sufficient reasons to allow Bell's surreply brief. Further, Bell asserted:

> Westfield raises new arguments in its Reply. Westfield devotes a significant section of its "Argument" to a discussion of *National Athletic Sportswear, Inc. v. Westfield Insurance Co.*, 528 F.3d 508 (7th Cir. 2008), claiming that that case supports its bid for partial summary judgment. (Dkt. 206 at 23-25.) Westfield did not cite this authority in its Summary Judgment Motion, and Bell should also be permitted in its surreply to address the new arguments asserted by Westfield in its Reply.

(Filing No. 217 at 4.)

Bell's argument regarding the *National Athletic Sportswear* case and Westfield's alleged new argument is not correct. Westfield's reply argument is a rebuttal to Bell's response argument. The fact that Westfield relied upon a previously uncited case does not mean that it has presented a new argument. Westfield simply presented additional case law to support its argument. This is not grounds for leave to file a surreply. Therefore, the Court **grants in part and denies in part** Bell's Motion to File Surreply (Filing No. 217). Bell's proposed surreply brief submitted at Filing No. 217-1 is deemed filed as of the date of this Entry. However, the Court will not consider the section, "II. Westfield's New Legal Arguments," on pages 12 through 13 because it improperly responds to the alleged new argument in the reply brief.

### D.     Westfield's Objection to Magistrate Judge's Order (Filing No. 181)

Finally, Westfield filed an Objection to the Magistrate Judge's Order at Filing No. 175, regarding a motion to compel discovery. Certain discovery disputes arose between the parties, and Bell filed a motion to compel certain discovery about "similar claims" and insurance "reserves." Westfield filed a corresponding motion for a protective order. The Magistrate Judge denied Westfield's motion and granted Bell's motion to compel. The Order directed the production of certain documents and allowed depositions to be taken of representatives of Westfield and HSB.

The Order also confined the scope of the depositions to particular timeframes for Westfield and HSB (Filing No. 175 at 5).

Westfield has filed a narrow objection to the discovery Order. It asserts that there are two clear errors in the Order based on the record in this case. First,

> [I]n the "Background" section of the Discovery Order[,] the Magistrate Judge mischaracterized this insurance coverage action as having arisen "from a fire caused by the failure of an automatic transfer switch" at Bell's fish farm (*see, Dkt. #175, p. 1, Page ID # 4798*), when in fact the cause of the losses Bell claims in this lawsuit are clearly in dispute.

(Filing No. 181 at 2.) Second,

> [T]he Magistrate Judge transposed the implementation dates for Westfield's and HSB's new claims systems (*see, Dkt. #175, p. 5, Page ID #4802*), and ordered the scope of Bell's requested Rule 30(b)(6) deposition of Westfield to be limited to a time period January 2014 to the present when the implementation date of Westfield's new claim system is October 2014, and ordered the scope of Bell's requested Rule 30(b)(6) deposition of HSB to be limited to a time period October 2014 to the present when the implementation date of HSB's new claim system is January 2014.

*Id.*

Westfield notes that Bell agreed to the second correction but would not agree to the first correction. *Id.* The Court notes that Bell did not respond or object to Westfield's Objection. A review of the record in this case shows that the parties dispute the cause of loss and whether a fire was part of the incident that gave rise to the claim. No conclusive determinations have been made in this case regarding a fire and a cause of loss. Thus, the Court determines that it was premature for the Magistrate Judge to include language in the background section of the discovery Order regarding a fire causing a loss. Therefore, the Court will amend the discovery Order as requested in Westfield's Objection. That portion of the Order at Filing No. 175 at 1 will now read, "This insurance coverage action arises from an alleged fire caused by the failure of an automatic transfer switch at . . . ." The record also supports Westfield's Objection regarding the transposed dates

(Filing No. 167, ¶4; Filing No. 168, ¶10), and thus, the Court amends the Order to reflect that the scope of the required searches and Bell's Rule 30(b)(6) depositions of Westfield be limited to the time period October 2014 to the present, and the scope of Bell's Rule 30(b)(6) deposition of HSB be limited to a time period January 2014 to the present.

## CONCLUSION

For the reasons explained above, Bell's Motion to Incorporate (Filing No. 193) is **GRANTED**; Bell's Motion to Supplement Appendix (Filing No. 216) is **GRANTED** for the purpose of authenticating the previously-filed designated evidence; Bell's Motion to File Surreply (Filing No. 217) is **GRANTED in part and DENIED in part**, and the proposed surreply brief submitted at Filing No. 217-1 is deemed filed as of the date of this Entry, but the Court will not consider the section, "II. Westfield's New Legal Arguments," on pages 12 through 13; and Westfield's Objection to Magistrate Judge's Order (Filing No. 181) is **GRANTED**.

SO ORDERED.

Date: 3/25/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Edward W. Gleason
SENAK KEEGAN GLEASON SMITH MICHARUD, LTD.
egleason@skgsmlaw.com

Linda L. Vitone
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
lvitone@smithfisher.com

Rebecca Jean Maas
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
rmaas@smithfisher.com

Stephen Charles Wheeler
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
swheeler@smithfisher.com

Michael E. Brown
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLC
dustin.deneal@faegrebd.com

Samuel B. Gardner
ICE MILLER LLP
samuel.gardner@icemiller.com

Angela Pease Krahulik
ICE MILLER LLP
krahulik@icemiller.com

Mark R. Smith
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
msmith@smithfisher.com

Casey Ray Stafford
KIGHTLINGER & GRAY LLP
cstafford@k-glaw.com

Kevin Morris Toner
FAEGRE BAKER DANIELS LLP
kevin.toner@faegrebd.com