UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02269-TWP-MJD |
| | ) | |
| TCFI BELL SPE III LLC, and | ) | |
| BELL AQUACULTURE LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BELL AQUACULTURE LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Counter Defendant. | ) | |

## ENTRY ON DEFENDANT TCFI'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant TCFI Bell SPE III LLC's ("TCFI") Motion for Summary Judgment on Its Request for Order of Attachment, (Filing No. 116), filed pursuant to Federal Rules of Civil Procedure 56 and 69. TCFI is a judgment creditor of co-defendant Bell Aquaculture LLC ("Bell"). TCFI obtained a default judgment against Bell in state court. Bell purchased a policy of insurance from Plaintiff Westfield Insurance Company ("Westfield") and filed a claim under the insurance policy after Bell suffered a loss at its business facility. Pursuant to its default judgment, TCFI seeks an attachment lien or garnishment against any proceeds that Bell might obtain on its insurance claim under the Westfield insurance policy. TCFI filed the

instant Motion for Summary Judgment to obtain the attachment lien or garnishment. For the following reasons, the Motion is **granted in part** and **denied in part, without prejudice to refile**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Westfield and Bell as the non-moving parties. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

This matter involves an insurance coverage dispute between Westfield and Defendants TCFI and Bell for damages suffered following a disruption of electrical power to parts of the building at Bell's fish farm, located at located in Albany, Indiana. Bell purchased from Westfield and Westfield issued to Bell a commercial insurance policy, which was effective during the policy period of August 15, 2014 to August 15, 2015 ([Filing No. 100 at 2](); [Filing No. 100-1 at 16]()). On July 22, 2015, an independent adjusting firm contacted Westfield to submit a property loss notice, indicating that Bell had provided a description of a loss and damage Bell claimed had occurred that day ([Filing No. 100 at 3]()). Bell subsequently submitted proofs of loss to Westfield for its claim. *Id.* at 6.

On April 18, 2016, TCFI filed a complaint in the Marion Superior Court (Indiana), requesting judgment on an unpaid debt owed by Bell to TCFI ([Filing No. 1-1 at 1]()). On June 2, 2016, TCFI filed its application for default judgment in the state court ([Filing No. 1-2 at 29]()). Then on July 19, 2016, the state court entered an order granting default judgment to TCFI against Bell in the amount of $7,715,649.70. *Id.* at 56, 59.

Based on its understanding that Bell had asserted claims against Westfield, TCFI filed a "Verified Motion for Entry of Asset Garnishment Order" in the state court on August 4, 2016, less

than a month after obtaining the default judgment against Bell (Filing No. 1-2 at 60, 62). In its Verified Motion, TCFI asked the state court to set a hearing for entry of an attachment and garnishment order. And then, following the hearing, enter an order garnishing any proceeds Bell might recover under its insurance policy issued by Westfield as well as a continuing attachment lien against any insurance proceeds to satisfy TCFI's default judgment. It also asked the state court to prohibit Bell from transferring or settling any of its insurance claims without TCFI's consent. Westfield was named as a "garnishee-defendant" on the Verified Motion. *Id.*

On August 25, 2016, Westfield removed the case to federal court based on diversity jurisdiction (Filing No. 1). After an October 13, 2016 status conference, this Court entered an "Order Realigning Parties" (Filing No. 23), which realigned Westfield as the plaintiff and TCFI as a defendant with co-defendant Bell. The Order also required Westfield to file a complaint on or before October 28, 2016. On October 28, 2016, Westfield filed a Complaint for Declaratory Judgment and Damages (Filing No. 26).

On November 18, 2016, TCFI filed an Answer to Westfield's Complaint (Filing No. 27). TCFI asserted:

> TCFI takes no position at this time with respect to Westfield's "Demand for Relief" but respectfully requests that the Court enter an order (i) granting TCFI a continuing attachment lien against any insurance proceeds payable by Westfield to Bell, (ii) requiring Westfield to pay such proceeds, if any, directly to TCFI to be applied toward satisfaction of the Judgment, and (iii) forbidding Bell from transferring its claims against Westfield without written consent of TCFI or order of the Court.

*Id.* at 2. Approximately one year later, on November 10, 2017, TCFI filed its Motion for Summary Judgment on its Request for Order of Attachment (Filing No. 116).

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.  DISCUSSION

TCFI requests that the Court enter an order of a continuing attachment lien on Bell's insurance policy and insurance claim against Westfield pursuant to Federal Rules of Civil

Procedure 56 and 69. TCFI asserts there is no dispute that it is a judgment creditor of Bell, that Bell is TCFI's judgment debtor, and that TCFI's judgment remains unpaid and unsatisfied. It contends there is no dispute Westfield issued the commercial insurance policy to Bell, and Bell has filed claims against its Westfield insurance policy. Based on these undisputed facts, TCFI argues that it is entitled to an order of an attachment lien under Rules 56 and 69 to satisfy its default judgment against Bell. TCFI explains that its Motion for Summary Judgment has no impact on the insurance coverage dispute and claims asserted by and against the other parties. It asserts Summary judgment is appropriate to recognize the validity of TCFI's attachment lien and spare it the burdens of continuing to participate in the merits of the litigation. TCFI notes that it is not a necessary party to this action.

Bell did not respond to TCFI's Motion for Summary Judgment. However, Westfield filed a response and opposed the Motion. Westfield argues that TCFI is not entitled to garnishment or attachment because its interest is only contingent. It asserts that, under the insurance policy, Westfield is not indebted to Bell until Bell suffers a proven loss and the amount of damage directly resulting from that loss is determined. Westfield argues that, because Bell has not suffered or proven a loss with specific damages, no debt exists to garnish or attach. Additionally, Westfield argues that TCFI is not entitled to garnishment or attachment because it failed to prove the value of the property it seeks to garnish or attach.

In reply to Westfield's argument, TCFI asserts that the insurance claim and the policy are property of Bell, and any proceeds of the insurance claim and policy will be property of Bell, which are subject to attachment because of TCFI's default judgment. TCFI also asserts that it is only seeking attachment, not garnishment, so Westfield's reliance on case law concerning garnishment is inapplicable.

Federal Rule of Civil Procedure 69(a)(1) provides, "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Thus, the Court looks to Indiana's trial rules. Indiana Rule of Trial Procedure 69(E) directs the Court to order the judgment debtor (Bell) and the other named parties and garnishee (Westfield) to appear for a hearing on any motion for attachment or garnishment.[1]

Furthermore, Indiana Code § 34-55-8-7 allows for the issuance of orders requiring application of property to a debt (such as garnishment or attachment liens) *following a hearing*. Indiana Code § 34-55-8-5 authorizes courts to order third-parties to appear for the hearing if those third-parties have property of the judgment debtor or will be indebted to the judgment debtor. No hearing has been held on TCFI's Verified Motion for Entry of Asset Garnishment Order. Therefore, based upon Indiana Rule of Trial Procedure 69(E) and Indiana Code §§ 34-55-8-7 and 34-55-8-5, the Court concludes that it is premature to enter summary judgment on TCFI's request for an order in the form of an attachment lien.

In its brief, TCFI states that it "only seeks an order recognizing its continuing lien against any amounts payable or that may become payable, if any, by Westfield to Bell." (Filing No. 117 at 1.) It also seeks an order forbidding Bell from transferring the Insurance Claims without written consent of TCFI III or order of the Court. There is no material dispute on these issues. Accordingly, TCFI's lien is recognized by this Court, and an order of for partial summary judgment will be issued.

---

[1] The Rule directs courts to order the judgment debtor, the other named parties, and the garnishee to appear for a hearing or to answer the interrogatories attached to the motion, or both. In this case, there are no interrogatories attached to TCFI's Verified Motion, so that procedure does not apply.

## IV. CONCLUSION

For the foregoing reasons, TCFI's Motion for Summary Judgment on its Request for Order of Attachment ([Filing No. 116](#)) is **GRANTED** in part and **DENIED in part (without prejudice to refile)**. Summary judgment is **granted** on TCFI's claim that it has a continuing lien against any amounts payable or that may become payable, if any, by Westfield to Bell. Accordingly, Bell is forbidden from transferring the Insurance Claims and any proceeds thereof, without written consent or order of this Court. Summary judgment is **denied** on the issue of attachment. TCFI is granted leave to file a verified motion or motion with affidavits and a request for hearing (or alternatively, attach interrogatories) on the motion for proceedings supplemental to execution.

**SO ORDERED.**

Date: 3/28/2019

*(signed)* Tanya Walton Pratt

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael E. Brown
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLC
dustin.deneal@faegrebd.com

Samuel B. Gardner
ICE MILLER LLP
samuel.gardner@icemiller.com

Edward W. Gleason
SENAK KEEGAN GLEASON SMITH MICHARUD, LTD.
egleason@skgsmlaw.com

Angela Pease Krahulik
ICE MILLER LLP
krahulik@icemiller.com

Rebecca Jean Maas
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
rmaas@smithfisher.com

Casey Ray Stafford
KIGHTLINGER & GRAY LLP
cstafford@k-glaw.com

Kevin Morris Toner
FAEGRE BAKER DANIELS LLP
kevin.toner@faegrebd.com

Linda L. Vitone
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
lvitone@smithfisher.com

Stephen Charles Wheeler
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
swheeler@smithfisher.com